[Cite as *State v. Miles*, 2013-Ohio-1562.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
### Nos. 98980 and 99003

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# MELVIN MILES

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-261144

**BEFORE:** S. Gallagher, J., Jones, P.J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:** April 18, 2013

**FOR APPELLANT**

Melvin Miles, pro se
Inmate #A232-511
Richland Correctional Institution
P.O. Box 8107
Mansfield, OH   44901


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Mary H. McGrath
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH   44113

SEAN C. GALLAGHER, J.:

**{¶1}** In these consolidated appeals, defendant-appellant, Melvin Miles, appeals the trial court's denial of his motion for resentencing hearing and correction of void sentence and his motion to withdraw his guilty plea. Appellant alleges that the trial court did not properly advise him of the consequences of parole, specifically R.C. 2967.16, and that the trial court should have granted his motions on that basis. For the reasons that follow, we affirm.

**{¶2}** In 1991, appellant pled guilty to aggravated murder with felony and firearm specifications. On April 15, 1991, the trial court sentenced appellant to a term of life imprisonment with parole eligibility after serving 20 full years of imprisonment; in addition, the court imposed a three-year consecutive prison term for the firearm specification.

**{¶3}** On July 19, 2012, appellant filed a motion for resentencing hearing and correction of void sentence. Appellant contended that his sentence was void because the trial court did not advise him of the specified period of parole contained in R.C. 2967.16(A). Appellant maintains he is "automatically subject to a mandatory term of parole" pursuant to that statute.

**{¶4}** On July 24, 2012, appellant filed a motion to withdraw guilty plea pursuant to Crim.R. 32.1. Appellant contends his guilty plea was invalid because the trial court did not advise him that his sentence allegedly included a five-year mandatory term of parole pursuant to R.C. 2967.16.

**{¶5}** The trial court denied both of appellant's motions, and he has appealed those rulings.

**{¶6}** Appellant presents two assignments of error for our review. Because both assigned errors involve the relevance of R.C. 2967.16 to appellant's plea and sentence, they will be addressed together.

Assignment of Error No. 1

The trial court abused its discretion when it failed to hold a resentencing hearing to correct the void sentence issued in this case in violation of the Sixth and Fourteenth Amendments to the United States Constitution.

Assignment of Error No. 2

The trial court abused its discretion, in violation of the Sixth and Fourteenth Amendments to the United States Constitution, when it denied the motion to withdraw guilty plea and when the court failed to hold a hearing on the motion.

**{¶7}** Prior to entering his plea, appellant addressed the three-judge panel and asked if "some time could be knocked off" his sentence. The judge advised him, "if you accept a plea, as has been outlined to the Court, * * * we have no power to modify the sentence. The sentence is required to be imposed by law. Do you understand that?" Appellant responded, "Yes, sir." The judge expounded, "if you plead to the charges in the first count of the indictment presented, we have no discretion. We have no choice but to impose a sentence of life imprisonment. * * * [T]here's nothing that we can do

with regard to your sentence, with regard to modifying the potential sentence. Do you understand that?" Again, appellant responded, "Yes, sir."

{¶8} The prosecutor detailed the terms of the proposed plea, which included an agreement that "the minimum sentence allowable by law in this case, life imprisonment with no parole eligibility until having served the full 20 years, plus three years for the gun specification, which has to be served prior to and consecutive with the sentence of life imprisonment." After conferring with appellant, defense counsel indicated to the three-judge panel that appellant

> has always had some concern about what the parole board might do, whether or not there's a potential for good time or not. We advised him that he has to count on the 23 years; that there could be no promise in terms of what the parole board may do now or in the future with good time. But he needs to count on that mandatory sentence. And that was the only question, and we cleared it up.

{¶9} Then, appellant informed the court that he understood the plea and the consequences. However, he indicated that he was considering pursuing trial in light of being advised that he should expect to serve 23 full years before his parole eligibility. A recess was taken in order to allow appellant some time to reconsider the plea. When the proceeding resumed, appellant expressed his desire to go forward with the guilty plea.

{¶10} The trial court accepted appellant's guilty plea and imposed sentence as follows:

> [P]ursuant to statute and the plea agreement which has been stated here in open court, you are hereby sentenced to a term of 20 years to life imprisonment without the possibility of parole before 20 years. In addition, you are also sentenced to a three-year actual incarceration for the gun

specification to be served consecutively with the 20 years-to-life term of actual incarceration.

**{¶11}** The remaining counts of appellant's indictment were dismissed.

**{¶12}** Appellant maintains that his plea was invalid and contends that his sentence is void because the trial court did not advise him of the terms of parole set forth in R.C. 2967.16.[1]   Both of appellant's assignments of error are predicated on his misconception that the trial court was obligated to advise him of parole and explain it.   In arguing that parole is part of his sentence, appellant attempts to equate parole to postrelease control. The Ohio Supreme Court, however, explicitly distinguished parole from postrelease control in terms of compliance with Crim.R. 11 and plea validity.   *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462.

**{¶13}** "When a sentence includes mandatory postrelease control, the trial judge must inform the defendant of that fact in the plea colloquy or the plea will be vacated." *Id.* at ¶ 35, citing *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, paragraph two of the syllabus.   However, an individual, such as appellant, who was sentenced for an unclassified felony is not subject to postrelease control, and the trial court is "not required to discuss postrelease control or parole under Crim.R. 11(C)(2)." *Id.* at ¶ 38.   "Because parole is not certain to occur, trial courts are not required to explain it as part of the maximum possible penalty in a Crim.R. 11 colloquy."   *Id.* at ¶ 37.   Therefore, the trial court's failure to address the terms of R.C. 2967.16 prior to

---

[1]   This statute governs restoration of rights and privileges upon a paroled prisoner's final release.

accepting appellant's guilty plea to an unclassified felony did not invalidate his plea or create a void sentence.

{¶14} Appellant argues that the trial court abused its discretion by denying his motion to withdraw his guilty plea without holding a hearing. Where the basis for denial of a motion to withdraw a guilty plea is clearly warranted, the trial court is not obligated to hold a hearing. *State v. Francis*, 104 Ohio St.3d 490, 2004-Ohio-6894, 820 N.E.2d 355, ¶ 51, citing *State v. Xie*, 62 Ohio St.3d 521, 584 N.E.2d 715 (1992). Appellant based his motion to withdraw his guilty plea on his misinterpretation of the law addressed previously herein, and therefore, the trial court's denial of the motion was clearly warranted.

{¶15} Appellant's assignments of error are overruled.

{¶16} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

SEAN C. GALLAGHER, JUDGE

LARRY A. JONES, SR., P.J., and
EILEEN A. GALLAGHER, J., CONCUR