[Cite as *State v. McCain*, 2014-Ohio-2819.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No.    26020 |
| | : | |
| v. | : | Trial Court Case No.   2004-CR-1865 |
| | : | |
| MICHAEL D. MCCAIN, SR. | : | |
| | : | (Criminal Appeal from |
| Defendant-Appellant | : |  Common Pleas Court) |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 27th day of June, 2014.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by APRIL F. CAMPBELL, Atty. Reg. No. 0089541, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

MICHAEL D. MCCAIN, SR., Inmate No. 479-429, Mansfield Correctional Institution, P.O. Box 788, 1150 North Main Street, Mansfield, Ohio 44901
    Defendant-Appellant-Pro Se

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1}  Defendant-appellant, Michael McCain, Sr., appeals pro se from the decision of the Montgomery County Court of Common Pleas overruling his petitions for postconviction relief.  For the reasons outlined below, the judgment of the trial court will be affirmed.

## Facts and Course of Proceedings

{¶ 2}  On May 21, 2004, McCain was indicted on one count of felony murder with the predicate offense of felonious assault in violation of R.C. 2903.02(B), an unclassified felony; one count of aggravated robbery in violation of R.C. 2911.01(A)(1), a felony of the first degree; and one count of falsification in violation of R.C. 2921.13(A)(3), a misdemeanor of the first degree. McCain initially pled not guilty to the charges and later filed a suggestion of incompetency claiming he was not guilty by reason of insanity.  In response, the trial court ordered McCain to undergo a competency evaluation.  Based on that evaluation, the trial court found McCain competent to stand trial.

{¶ 3}  Following the competency determination, on September 28, 2004, McCain pled guilty to felony murder and aggravated robbery.  Pursuant to a plea agreement, the falsification charge was dismissed and McCain was promised concurrent sentences for his offenses.  On October 12, 2004, the trial court sentenced McCain to fifteen years to life in prison for  felony murder and seven years in prison for aggravated robbery.  As agreed, the sentences were ordered to run concurrently.

{¶ 4}  McCain did not file a direct appeal from his conviction and sentence.  Instead,

on August 21, 2013, approximately nine years after his conviction, McCain filed two motions requesting the court to set aside his judgment and for an order staying the execution of his judgment. McCain advances various arguments in each motion; however, most of the arguments are indiscernible. The arguments that can be gleaned from the motions include: (1) the trial court's judgment is void for lack of service, notice, and due process; (2) the State withheld information from McCain; (3) McCain's trial counsel mislead him; and (4) the trial court lacked jurisdiction. Following these motions, McCain filed numerous accompanying documents and additional motions with the trial court, all of which are equally indiscernible. On November 13, 2013, the trial court issued a decision interpreting McCain's filings as petitions for postconviction relief and overruling them as untimely. The trial court also held that the claims advanced by McCain in his petitions were barred by res judicata.

{¶ 5} On December 10, 2013, McCain filed a motion to withdraw his guilty plea pursuant to Crim.R. 32.1 on grounds that his plea and sentence were void as a result of the trial court improperly imposing postrelease control. The same day, McCain filed the present appeal from the trial court's November 13, 2013 decision denying his petitions for postconviction relief, raising five assignments of error for review.

**Assignment of Error No. I**

{¶ 6} McCain's First Assignment of Error is as follows:

THE TRIAL COURT ERRED IN IMPOSING A PRISON TERM OF 15 YEARS TO LIFE, BEING UNAUTHORIZED BY STATUTE IN DISREGARDS TO THE STATUTORY REQUIREMENTS OF THE MANDATORY

POST-RELEASE CONTROL, EVEN TO THE VIOLATION OF THE APPELLANT BEING SUBJUCTED [sic] TO THE AUTHORITY OF THE PAROLE BOARD AND BECAUSE TRIAL COURT HAS A STATUTORY DUTY AT SENTENCING HEARING, SUCH SENTENCING IS A NULLITY AND/OR VOID OR VOIDABLE, AND DID NOT PROPERLY NOTIFY MR. MCCAIN SR, OF HIS SUBJECTION IN WHICH A 32.1 WITHDRAWING OF HIS GUILTY PLEA IS APPROPRIATE, AND CASE AND SENTENCING MUST BE REVERSED. FOR THE FELONIOUS ASSAULT FAILED TO CHARGE!

{¶ 7} Based on the contents of McCain's appellate brief, we interpret his First Assignment of Error as arguing that his guilty plea is invalid and his sentence is void because the trial court erred in imposing postrelease control. The trial court did not rule on this issue in its November 13, 2013 decision, as the issue was first raised as part of McCain's motion to withdraw his guilty plea, which was filed a month later. In fact, in reviewing the docketing statement, the trial court has not ruled on this issue at all given that McCain filed his motion to withdraw guilty plea the same day he filed this appeal. We will not consider the postrelease control issue raised in that motion because the motion is pending before the trial court.[1]

{¶ 8} We also note that this court can only address those arguments that were presented to the trial court in the petitions for postconviction relief that are now under review; we cannot consider any new issues for the first time on appeal. *See State v. Webb*, 2d Dist. Darke

---

[1] Because McCain's motion to withdraw guilty plea was pending before the trial court as of the date of this appeal, the trial court may rule on the motion and consider the postrelease control issue raised therein after this appeal has been decided. *See State v. Wilson*, 2d Dist. Montgomery No. 25482, 2014-Ohio-1764, ¶ 26-27.

No. 06-CA-1694, 2007-Ohio-3446, ¶ 1; *see also State v. Garrett*, 7th Dist. Belmont No. 06 BE 67, 2007-Ohio-7212, ¶ 8. Since the issues raised under McCain's First Assignment of Error were not raised in his petitions for postconviction relief, those issues are not properly the subject of this appeal.

{¶ 9} McCain's First Assignment of Error is overruled.

## Assignment of Error No. II

{¶ 10} McCain's Second Assignment of Error is as follows:

THE TRIAL COURT ERRED AND ABUSED IT [sic] DISCRETION AS TO JUDGE FROELICH'S JURISDICTION, AND SIGNATURE ON ALL TRIAL COURT DOCUMENTS, INSTRUMENTS, ETC… AND THE RECEPITS [sic] RETURNED ON 2007. THERE ORGIEN [sic] AND NATURE AS TO THE USE AS TO BONDABILITY AND THE USES WITHOUT KNOWING AND WILLING DISCLOSURE AND CONSENT BY ALL PARTIES IN THIS INCLUDING MR. MCCAIN SR[.] AS A CREDITOR IN THIS CASE ET AL.,. [sic].

{¶ 11} McCain's Second Assignment of Error is poorly articulated and difficult to discern. Based on the contents of his appellate brief, we interpret McCain's Second Assignment of Error as arguing that Judge Jeffrey E. Froelich, presiding judge of this court, should not be allowed to sit on the panel for this appeal due to his participation in the proceedings below as a common pleas court judge. McCain argues that this appeal should either move to another jurisdiction or Judge Froelich should recuse himself from this case. Judge Froelich has not been

assigned to review this appeal; therefore, McCain's argument   has no merit.

{¶ 12}   McCain's Second Assignment of Error is overruled.

**Assignments of Error Nos. III, IV, and V**

{¶ 13}   McCain's Third Assignment of Error is as follows:

THE TRIAL COURT ERRED WHEN IT FAILED IN ADDRESSING THE PRIVATY [sic] AND PRIVY OF THE THIRD PARTY IN THE BINDING OVER AND F[A]ILURE  TO ALLOW THE COMPLAINT TO BE ANSWERED AT THE ARRAIGNMENT, AND ABUSED ITS DISCRETION IN PLEADING NOT GUILTY FOR THE DEFENDANT AFTER A FULL CONFESSION WAS MADE, IN VIOLATION OF MR. MCCAIN'S VESTED 4TH, 5TH, 6TH  AMENDMENT AND OHIO CONSTITUTIONAL RIGHTS TAKING AWAY ANY AND ALL ADMINISTRATIVE REMEDIES, IN WHICH TAKING AND WITHHOLDINGS EXPANDED BY THE COMPLAINT, ALSO IN VIOLATION OF THE 14TH AMENDMENT.

{¶ 14}   McCain's Fourth Assignment of Error is as follows:

THE TRIAL COURT ERRED IN FAILING IN WHERE THE MERGER AND MERGING OF EQUITY AND LAW PURSUANT PENAL AND REMEDIAL PENALTY THROUGH STATUTES OF FRAUD THAT ENFORCED WAIVING AND WAIVER IF RIGHTS IN THE DEFACTO MERGER OF THE CIVIL RIGHTS CAUSING THE CIVIL DEATH OF AND THE PIERCING THE CORPORATE VEIL IN THE PREJUDICE OF THE CREDITOR IN LACHES

AND DOES VIOLATE THE CLAYTON ACT.

{¶ 15} McCain's Fifth Assignment of Error is as follows:

THE TRIAL COURT JUDGE, CLERK, PROSECUTION, AND APPOINTED COUNSEL ALL [E]RRED WHEN ALL FAILED TO ALLOW THE CREDITOR MR. MCCAIN SR[.], OF HIS PERSON/DEBTOR/DEFENDANT/ FICTION AS MICHAEL DWAYNE MCCAIN TO ACCEPT THE CHARGES FOR VALUE IN EXCHANGE FOR DISCHARGE AND SETTLEMENT OF ALL ACCOUNTS, FAILDED [sic] IN CERTIFYING THE CHARGES UPON THE RECORD AND PRESENT THE ACCOUNT FORM CPA, AND FAILED TO INFORM OF THE TRUE NATURE OF THE COMPLAINT, WARRANT, BID BONDS 24, PERFORMANCE BOND 25, AND PAYMENT BOND 25(A), AND HOLDING HIS BODY AND VESSEL TO A CONTEMPT, DISHONOR, AND DE FACTO DEFAULT [S]UMMARY JUDGMENT FOR FAILURE TO PAY A PENAL SUM IN THE INDICTMENT AND COMPLAINT, RESTRAINED THROUGH A WARRANT.

{¶ 16} Like the previous assignments of error, McCain's Third, Fourth, and Fifth Assignments of Error are poorly articulated. In fact, we can discern no cogent argument from his appellate brief, other than McCain's claim that he was not served with a complaint. We note that this court is not required, nor will it attempt, to construct McCain's arguments for him, nor try to discern some cogent argument from his convoluted brief.

{¶ 17} Regardless of McCain's indiscernible arguments, the fact remains that this is an appeal from the trial court's decision overruling McCain's petitions for postconviction relief, and

that there is a time constraint for filing such petitions. Pursuant to R.C. 2953.21(A)(2), if a defendant does not directly appeal his judgment of conviction, "the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal." R.C. 2953.21(A)(2). "The trial court lacks jurisdiction to consider an untimely petition for postconviction relief, unless the untimeliness is excused under R.C. 2953.23(A)(1)." *State v. Buennagel*, 2d Dist. Greene No. 2010 CA 74, 2011-Ohio-3413, ¶ 25, citing *State v. West*, 2d Dist. Clark No. 08 CA 102, 2009-Ohio-7057, ¶ 7.

{¶ 18} However, "[p]ursuant to R.C. 2953.23(A)(1)(a), a defendant may file an untimely petition for postconviction relief if (1) he was unavoidably prevented from discovering the facts upon which he relies to present his claim, or (2) the United States Supreme Court recognizes a new right that applies retroactively to his situation." *Id.* " 'The phrase "unavoidably prevented" means that a defendant was unaware of those facts and was unable to learn of them through reasonable diligence.' " *Id.*, quoting *State v. McDonald*, 6th Dist. Erie No. E-04-009, 2005-Ohio-798, ¶ 19. The defendant must also show by clear and convincing evidence that, if not for the constitutional error from which he suffered, no reasonable factfinder would have found him guilty. R.C. 2953.23(A)(1)(b).

{¶ 19} In this case, McCain was convicted and sentenced on October 15, 2004, and he filed his petitions approximately nine years later. His petitions are clearly beyond the 180-day time limitation and untimely. Moreover, we find that McCain failed to demonstrate that he was permitted to file an untimely petition under R.C. 2953.23(A)(1), as he did not allege that he was unavoidably prevented from discovering the facts underlying the claims in his petitions. Furthermore, the United States Supreme Court has not recognized a new right that applies

retroactively to his situation. In turn, McCain was not permitted to file an untimely petition, and therefore, the trial court lacked jurisdiction to rule on the petitions. Finally, even if McCain's petitions were timely, the doctrine of res judicata would have barred the claims asserted therein, as the claims could have been raised in a direct appeal from his conviction and sentence. *See State v. Perkins,* 2d Dist. Montgomery No. 25808, 2014-Ohio-1863, ¶ 73-74. Accordingly, the trial court properly overruled his petitions as untimely and on res judicata grounds.

{¶ 20} McCain's Third, Fourth, and Fifth Assignments of Error are overruled.

**Conclusion**

{¶ 21} Having overruled McCain's five assignments of error, the judgment of the trial court is affirmed.

. . . . . . . . . . . .

FAIN and HALL, JJ., concur.

Copies mailed to:

Mathias H. Heck
April F. Campbell
Michael D. McCain, Sr.
Hon. Mary Katherine Huffman