[Cite as *State v. McCain*, 2015-Ohio-449.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case No. 26356 |
| | : | |
| v. | : | Trial Court Case No. 2004-CR-1865 |
| | : | |
| MICHAEL D. MCCAIN | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| *Defendant-Appellant* | : | |
| | : | |

. . . . . . . . . . .

# O P I N I O N

Rendered on the 6th day of February, 2015.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by TIFFANY C. ALLEN, Atty. Reg. No. 0089369, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

MICHAEL D. MCCAIN, Inmate No. 479-429, Chillicothe Correctional Institution, P.O. Box 5500, Chillicothe, Ohio 45601
        Defendant-Appellant-Pro Se

. . . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-appellant, Michael D. McCain, appeals pro se from the decision of the Montgomery County Court of Common Pleas overruling his post-sentence motion to withdraw guilty plea. For the reasons outlined below, the judgment of the trial court will be affirmed.

## I. Facts and Course of Proceedings

{¶ 2} On May 21, 2004, McCain was indicted on one count of felony murder with the predicate offense of felonious assault in violation of R.C. 2903.02(B), an unclassified felony; one count of aggravated robbery in violation of R.C. 2911.01(A)(1), a felony of the first degree; and one count of falsification in violation of R.C. 2921.13(A)(3), a misdemeanor of the first degree.

{¶ 3} On September 29, 2004, McCain entered a plea agreement and pled guilty to felony murder and aggravated robbery. In exchange for his guilty plea, the State agreed to dismiss the falsification charge and recommend concurrent sentences. At the plea hearing, the trial court incorrectly advised McCain that he would be subject to a period of post-release control for felony murder—an unclassified felony to which post-release control does not apply. The trial court, however, did correctly advise McCain that he would be subject to a mandatory period of post-release control for aggravated robbery. Neither party acknowledged the trial court's misstatement regarding post-release control for felony murder, and the matter proceeded to sentencing.

{¶ 4} On October 12, 2004, the trial court sentenced McCain to fifteen years to life

in prison for felony murder and seven years in prison for aggravated robbery. As agreed, the sentences were ordered to run concurrently. The trial court also generally advised that McCain would be subject to a period of post-release control following his release from prison.

{¶ 5} McCain did not file a direct appeal from his conviction and sentence. Rather, on August 21, 2013, approximately nine years after his conviction, McCain filed various motions and accompanying documents requesting the court to set aside his conviction and stay his sentence. On November 13, 2013, the trial court issued a decision interpreting McCain's filings as petitions for post-conviction relief and overruled them as untimely.

{¶ 6} On December 10, 2013, McCain appealed from the trial court's decision overruling his petitions for post-conviction relief. McCain also filed a motion to withdraw his guilty plea. In *State v. McCain*, 2d Dist. Montgomery No. 26020, 2014-Ohio-2819, we affirmed the trial court's decision overruling his petitions for post-conviction relief. Among his assignments of error, McCain argued his guilty plea was invalid and his sentence was void because the trial court erred in imposing post-release control. We declined to consider that issue on appeal, because it was raised in the motion to withdraw guilty plea that was still pending in the trial court. *Id.* at ¶ 7-8.

{¶ 7} Shortly after our decision was released in *McCain*, on July 10, 2014, McCain filed a supplemental motion to withdraw his guilty plea and accompanying affidavit with the trial court. In that motion, McCain argued his guilty plea was not knowingly and voluntarily made because the trial court erroneously advised him at the plea hearing that he would be subject to a period of post-release control on his felony murder charge. In

addition, McCain claimed the October 2004 sentencing entry did not indicate that the period of post-release control for aggravated robbery was mandatory. McCain also alleged that he received ineffective assistance of counsel.

{¶ 8} On July 17, 2014, the trial court filed an amended sentencing entry that vacated the post-release control order for McCain's aggravated robbery charge. In the amended entry, the trial court explained that it vacated post-release control because the original sentencing entry did not properly specify that the period of post-release control would be mandatory and that McCain had already completed the seven-year prison term for aggravated robbery.

{¶ 9} Following its amendment to the sentencing entry, on July 21, 2014, the trial court issued an order overruling McCain's supplemental motion to withdraw his guilty plea. The present appeal is from that decision and McCain raises three assignments of error for our review.

## II. Assignments of Error

{¶ 10} McCain's assignments of error are poorly articulated and difficult to distinguish; therefore, instead of addressing each of his lengthy assignments of error individually, we will address each of his general arguments below.

{¶ 11} Initially, McCain argues the trial court erred in amending the sentencing entry to vacate the order of post-release control. McCain also claims the trial court should have held a de novo hearing before amending the entry. The foregoing issues, however, are not properly before this court, because "an appellate court lacks jurisdiction to review a judgment or order that is not designated in the appellant's notice of appeal."

(Citation omitted.) *State v. Howard*, 2d Dist. Montgomery No. 21678, 2007-Ohio-3582, ¶ 10.

{¶ 12} Here, McCain's notice of appeal indicates that he has appealed from the trial court's decision overruling his supplemental motion to withdraw guilty plea, not the amended sentencing entry. Furthermore, the notice of appeal has not been amended nor has an additional notice of appeal been filed to include the amended sentencing entry. Therefore, because the scope of our review is limited to the final order identified in the notice of appeal, McCain's arguments related to the amended sentencing entry are overruled.

{¶ 13} Next, McCain asks this court to have the trial court judge removed from his case, as he claims the judge has taken his case too personally and "has gotten way to[o] close to it." McCain also implies that the trial judge misapplied the law because of bias and/or prejudice.

{¶ 14} As a preliminary matter, we note that "[i]ntermediate appellate courts, such as this one, have no jurisdiction to disqualify a judge based on claims of bias; such claims must be brought to the Chief Justice of the Ohio Supreme Court." *Janis v. Janis*, 2d Dist. Montgomery No. 23898, 2011-Ohio-3731, ¶ 94, citing *Beer v. Griffith*, 54 Ohio St.2d 440, 441-442, 377 N.E.2d 775 (1978). However, appellate courts may review the issue of judicial bias as a grounds for reversal on appeal. *See State v. LaMar,* 95 Ohio St.3d 181, 2002-Ohio-2128, 767 N.E.2d 166, ¶ 34-35.

{¶ 15} Judicial bias is defined as " 'a hostile feeling or spirit of ill will or undue friendship or favoritism toward one of the litigants or his attorney, with the formation of a fixed anticipatory judgment on the part of the judge, as contradistinguished from an open

state of mind which will be governed by the law and facts.' " *State v. LaMar*, 95 Ohio St.3d 181, 2002-Ohio-2128, 767 N.E.2d 166, ¶ 34, quoting *State ex rel. Pratt v. Weygandt*, 164 Ohio St. 463, 132 N.E.2d 191 (1956), paragraph four of the syllabus. (Other citation omitted.) Trial judges are " 'presumed not to be biased or prejudiced, and the party alleging bias or prejudice must set forth evidence to overcome the presumption of integrity.' " *Eller v. Wendy's Internatl., Inc.*, 142 Ohio App.3d 321, 340, 755 N.E.2d 906 (10th Dist.2000), quoting *Okocha v. Fehrenbacher*, 101 Ohio App.3d 309, 322, 655 N.E.2d 744 (8th Dist.1995). (Other citation omitted.) "[T]he appearance of bias or prejudice must be compelling to overcome these presumptions." (Citation omitted.) *In re Disqualification of George*, 100 Ohio St.3d 1241, 2003–Ohio–5489, 798 N.E.2d 23, ¶ 5. "It is well established that dissatisfaction or disagreement with a judge's rulings, even if those rulings may be erroneous, does not constitute bias or prejudice * * *." (Citation omitted.) *In re Disqualification of Floyd*, 101 Ohio St.3d 1217, 2003-Ohio-7351, 803 N.E.2d 818, ¶ 4.

{¶ 16} In this case, McCain has failed to overcome the presumption of the trial judge's integrity, as he merely claims the trial judge erroneously applied the law in this case because she was taking his case too personally. He has otherwise failed to set forth any evidence showing an appearance of bias or prejudice. Accordingly, his implied claim of bias and prejudice is overruled.

{¶ 17} The remainder of McCain's arguments challenge the trial court's decision overruling his post-sentence motion to withdraw his guilty plea. The parties interpret the text of the trial court's decision as ruling on the motion with respect to both the felony murder and aggravated robbery charges and we agree with that interpretation.

{¶ 18} "We review a trial court's decision on a post-sentence motion to withdraw a guilty plea * * * for an abuse of discretion." (Citations omitted.) *State v. Ogletree*, 2d Dist. Clark No. 2014-CA-16, 2014-Ohio-3431, ¶ 11. An abuse of discretion involves a trial court's " 'failure to exercise sound, reasonable, and legal decision-making.' " *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶ 62, quoting *Black's Law Dictionary* 11 (8th Ed.2004). " 'Absent an abuse of discretion on the part of the trial court in making the ruling, its decision must be affirmed.' " *Ogletree* at ¶ 11, quoting *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992).

{¶ 19} "Crim.R. 32.1 provides that a trial court may grant a defendant's post-sentence motion to withdraw a guilty plea only to correct a manifest injustice. Accordingly, a defendant who moves to withdraw his or her plea bears the burden of establishing a manifest injustice." (Citations omitted.) *Id.* at ¶ 12. "A 'manifest injustice' comprehends a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through another form of application reasonably available to him or her." *State v. Hartzell*, 2d Dist. Montgomery No. 17499, 1999 WL 957746, *2 (Aug. 20, 1999). "Under [the manifest injustice] standard, a post sentence motion to withdraw is allowable only in extraordinary cases." *Ogletree* at ¶ 12, citing *State v. Smith*, 49 Ohio St.2d 261, 264, 361 N.E.2d 1324 (1977). In determining this issue, "[u]ndue delay in filing a Crim.R. 32.1 motion 'is a factor adversely affecting the credibility of the movant and militating against the granting of the motion." ' *State v. Kemp*, 2d Dist. Clark No. 2014 CA 32, 2014-Ohio-4607, ¶ 8, quoting *Smith* at 264. (Other citation omitted.)

{¶ 20} In this case, McCain contends a manifest injustice occurred at the plea

hearing when the trial court erroneously informed him that he would be subject to a period of post-release control for felony murder. McCain also claims a manifest injustice occurred based on ineffective assistance of trial counsel. We will address each of these claims separately.

## A. The Trial Court's Misstatement Regarding Post-Release Control Does Not Amount To a Manifest Injustice Warranting the Withdrawal of McCain's Guilty Plea

**{¶ 21}** It is undisputed that the trial court incorrectly advised McCain at the plea hearing that he was subject to a period of post-release control for his felony murder charge. Felony murder is an unclassified felony to which the post-release control statute does not apply. *State v. Eggers*, 2d Dist. Clark No. 2011-CA-48, 2013-Ohio-3174, ¶ 25. Rather, an individual sentenced for an unclassified felony is either ineligible for parole or becomes eligible for parole after serving a period in prison. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 36.

**{¶ 22}** As a result of the trial court's misstatement regarding post-release control, McCain claims his guilty plea was not knowingly, intelligently, and voluntarily made, thus rendering his plea invalid and his conviction and sentence void. Indeed, a plea is invalid unless it is knowingly, intelligently, and voluntarily made. *Id.* at ¶ 25, citing *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). "In order for a plea to be given knowingly and voluntarily, the trial court must follow the mandates of Crim.R. 11(C)." *State v. Silvers*, 181 Ohio App.3d 26, 2009-Ohio-687, 907 N.E.2d 805, ¶ 9 (2d Dist.).

**{¶ 23}** Crim.R. 11(C) states, in relevant part, that:

(2) In felony cases the court may refuse to accept a plea of guilty or a plea of

no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

Crim.R. 11(C)(2)(a).

{¶ 24} We note that in explaining the maximum penalty involved, a trial court is not required to address the issue of parole during the plea colloquy. *Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462 at ¶37 ("Because parole is not certain to occur, trial courts are not required to explain it as part of the maximum possible penalty in a Crim.R. 11 colloquy"); *State v. Miles*, 8th Dist. Cuyahoga Nos. 98980, 99003, 2013-Ohio-1562, ¶13 (finding the trial court's failure to address parole prior to accepting an appellant's guilty plea to an unclassified felony did not invalidate the plea or create a void sentence).

{¶ 25} However, "[i]f a trial court fails to literally comply with Crim.R. 11[C], reviewing courts must engage in a multitiered analysis to determine whether the trial judge failed to explain the defendant's constitutional or nonconstitutional rights and, if there was a failure, to determine the significance of the failure and the appropriate remedy." *Clark* at ¶ 30. "[I]f the trial judge imperfectly explained nonconstitutional rights such as the right to be informed of the maximum possible penalty and the effect of the plea, a substantial-compliance rule applies." *Id.* at ¶ 31, citing *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶ 12. Under the substantial-compliance

rule, "a slight deviation from the text of the rule is permissible; so long as the totality of the circumstances indicates that 'the defendant subjectively understands the implications of his plea and the rights he is waiving,' the plea may be upheld." *Id.*, quoting *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990).

{¶ 26} However, "[w]hen the trial judge does not substantially comply with Crim.R. 11 in regard to a nonconstitutional right, reviewing courts must determine whether the trial court partially complied or failed to comply with the rule. If the trial judge partially complied, * * * the plea may be vacated only if the defendant demonstrates a prejudicial effect." (Citations omitted and emphasis deleted.) *Clark* at ¶ 32. "The test for prejudice is 'whether the plea would have otherwise been made.' " *Id.*, quoting *Nero* at 108. (Other citation omitted.)

{¶ 27} In *Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, the Supreme Court of Ohio addressed whether a defendant's guilty plea was knowingly, intelligently and voluntarily made after the trial court erroneously indicated during the plea colloquy that the defendant would be subject to a form of post-release control for the unclassified felony of aggravated murder. The court stated that:

> The trial judge was not required to discuss post-release control or
>
> parole in Clark's plea colloquy under Crim.R. 11(C)(2), as Clark was not
>
> eligible for post-release control, given his plea to an unclassified felony.
>
> See R.C. 2967.28(B) and (C). When he expanded on the information set
>
> forth in the rule, the trial judge obscured the relatively straightforward
>
> maximum penalties for Clark's crimes. The judge described a decidedly
>
> different form of release from the one Clark actually faced under the law, a

hybrid system that combined the mandatory term of years and the maximum possible sentences associated with post-release control with the uncertainty of release associated with parole.

Such an incorrect recitation of the law fails to meet the substantial-compliance standard. If a trial judge chooses to offer an expanded explanation of the law in a Crim.R. 11 plea colloquy, the information conveyed must be accurate. The rule is in place to ensure that defendants wishing to plead guilty or no contest do so knowingly, intelligently, and voluntarily. Because of the substantial misinformation that the trial judge provided to the defendant in this case, the defendant could not have entered his plea knowingly, intelligently, and voluntarily. The fact that the trial court provided some correct information as well does not alter this conclusion, because the correction information was not provided in such a manner as to remedy the erroneous information.

Despite the failure to substantially comply with Crim.R. 11, the trial judge did not simply ignore his duties under Crim.R. 11(C)(2)(a). Because the trial judge partially complied with the rule, Clark must show that he was prejudiced by the trial court's misinformation to successfully vacate his plea. *See Nero*, 56 Ohio St.3d at 108, 564 N.E.2d 474. Although it discussed prejudice in its opinion, the court of appeals did not reach a conclusion on the issue. We therefore remand the case for a full determination of prejudice.

*Clark,* 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462 at ¶ 38-40.

{¶ 28} On remand, the Eleventh District Court of Appeals found that the defendant in *Clark* "point[ed] to no evidence in the record suggesting that his plea would have been otherwise had he known the conditions of parole." *State v. Clark*, 11th Dist. Ashtabula No. 2006-A-0004, 2008-Ohio-6768, ¶16. Given that there was no evidence indicating that the defendant's guilty plea was motivated by the expectation of being subject to post-release control upon release, the Eleventh District found no prejudice and affirmed the plea. *Id.* at ¶ 22.

{¶ 29} Similarly, in *State v. Rogers*, 8th Dist. Cuyahoga No. 99246, 2013-Ohio-3246, the Eighth District Court of Appeals applied the same analysis in *Clark* to an appeal from a post-sentence motion to withdraw guilty plea. The defendant in *Rogers* argued that his sentence was not knowingly, intelligently and voluntarily made because the trial court incorrectly informed him that he would be subject to a period of post-release control for the unclassified felony of aggravated murder. *Id.* at ¶ 22. The *Rogers* court held that:

> In this case, the trial court did not "completely fail" to comply with Crim.R. 11(C)(2)(a). During the plea colloquy, the trial court advised Rogers that his guilty plea to murder carried a mandatory sentence of 15 years to life, the only sentence available to the trial court. Rogers stated that he understood this. The court's further erroneous statement that Rogers would be subject to a period of post-release control if he was ever released from prison did not add to the penalty Rogers faced, did not suggest that Rogers could be released early, and did not misstate the maximum possible penalty for the offense to which Rogers was pleading

guilty, i.e., imprisonment for life. Thus, the trial court "partially complied" with Crim.R. 11(C)(2)(a), notwithstanding the misinformation it provided to Rogers regarding post-release control. *See, e.g., State v. Stokes*, 8th Dist. [Cuyahoga] No. 93154, 2010-Ohio-3181, ¶ 9 (where trial court erroneously stated, during plea colloquy, that post-release control would be a part of defendant's sentence when it was not applicable, trial court partially complied with Crim.R. 11(C)(2)(a)).

Whether Rogers's plea should have been vacated, therefore, turns on whether he was prejudiced by the trial court's misstatement.

*Rogers* at ¶ 33-34.

**{¶ 30}** The Eighth District thereafter found "no indication in the record * * * that Rogers would not have pled guilty but for the trial court's reference to post-release control during the plea colloquy." *Rogers,* 8th Dist. Cuyahoga No. 99246, 2013-Ohio-3246 at ¶ 36. Accordingly, the court held that the trial court's misstatement regarding post-release control was not prejudicial and that Rogers, therefore, failed to establish manifest injustice required to withdraw his guilty plea under Crim.R. 32.1. *Id.* at ¶ 36-37.

**{¶ 31}** The present case is analogous to *Rogers*. While the trial court mistakenly advised McCain that he would be subject to a period of post-release control for felony murder, the transcript of the plea hearing establishes that the trial court otherwise complied with its duties under Crim.R. 11(C). The trial court ensured that McCain was making the plea voluntarily and informed him of the constitutional rights he was waiving, the nature of the charged offenses, the effect of entering a guilty plea, and the maximum penalties involved.

{¶ 32} With respect to the maximum penalties, the trial court correctly advised McCain that it could impose financial sanctions and sentence McCain to a mandatory term of fifteen years to life in prison on the felony murder count, as well as three to ten years in prison on the on the aggravated robbery count. The trial court also correctly advised McCain that he was subject to a mandatory period of post-release control for aggravated robbery and not eligible for community control sanctions per his plea agreement. McCain indicated that he understood all of the information provided to him by the trial court at the plea hearing. Therefore, as in *Rogers*, the record indicates the trial court partially complied with Crim.R. 11(C)(2)(a) notwithstanding the misinformation regarding post-release control.

{¶ 33} Having found partial compliance, it must be determined whether McCain suffered prejudice as a result of the trial court's misstatement in evaluating whether he has demonstrated manifest injustice. The affidavit McCain submitted with his motion to withdraw guilty plea addressed his state of mind at the time of the plea and stated, in pertinent part, that:

4. Had I known that Post-Release Control would have been apart [sic] of the Sentencing for a Mandatory period of (5) five years, and that a Violation [sic] of post-release control would result in additional prison time up to fifty percent of the original sentence in nine month increments, I would not have plead [sic] guilty and would have insisted on a trial.

5. I, [sic] was prevented in the plea agreement negotiations from discovering the Void [sic] issues in the plea colloquy, that did cause injury to Mr. McCain's Body and Person do [sic] to the void sentence, do [sic] to the

Ineffective Assistance of Counsel.

Affidavit In Support of Supplemental Motion to Withdraw Guilty Plea (July 10, 2014), Montgomery County Court of Common Pleas Case No. 2004 CR 1865, Docket No. 4, p. 14, ¶ 4-5.

{¶ 34} The trial court found, and we agree, that "[n]othing in the Defendant's affidavit serves as a basis to withdraw his plea." Decision, Order and Entry Overruling Motion to Withdraw Plea (July 21, 2014), Montgomery County Court of Common Pleas Case No. 2004 CR 1865, Docket No. 7, p. 6. Specifically, the affidavit does not aver that McCain would not have pled guilty had the trial court not mistakenly indicated that he was subject to post-release control for felony murder. Because McCain has otherwise failed to point to anything in the record indicating that he would not have pled guilty but for the trial court's incorrect reference to post-release control, we find no prejudice as a result of the misstatement. Accordingly, the trial court did not abuse its discretion when it determined that the misstatement did not constitute a manifest injustice warranting the withdrawal of McCain's guilty plea.

**B. McCain Failed to Demonstrate Manifest Injustice Based On Ineffective**

**Assistance of Counsel**

{¶ 35} Next, McCain contends that his trial counsel was ineffective in failing to inform him of the errors made with respect to post-release control, and consequently, was not aware that he had issues to appeal.

{¶ 36} " 'Ineffective assistance of counsel can constitute manifest injustice sufficient to allow the post-sentence withdrawal of a guilty plea.' " *State v. Banks*, 2d Dist. Montgomery No. 25188, 2013-Ohio-2116, ¶ 9, quoting *State v. Dalton*, 153 Ohio

App.3d 286, 2003-Ohio-3813, 793 N.E.2d 509, ¶ 18 (10th Dist.). A claim of ineffective assistance of trial counsel requires both a showing that trial counsel's representation fell below an objective standard of reasonableness and that the defendant was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A reviewing court "must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The prejudice prong requires a finding that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, with a reasonable probability being "a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *see also State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989).

{¶ 37} After a thorough review of the record, even if we concluded that McCain's trial counsel provided deficient representation in failing to recognize the trial court's misstatement regarding post-release control, we have no basis to conclude that McCain was prejudiced by that conduct. Again, other than the insufficient assertions in his self-serving affidavit filed ten years after his plea, McCain has failed to point to anything in the record indicating there was a reasonable probability that he would not have pled guilty had counsel made him aware of the trial court's misstatement.

{¶ 38} Moreover, the fact that McCain benefitted from a plea agreement, in which the State agreed to dismiss a falsification charge and recommend concurrent sentences, weighs against finding that he would have otherwise pled not guilty. Also, prior to pleading guilty, McCain was aware that he could potentially serve life in prison. As a result, we find it unlikely that the unavailability of post-release control by itself would have

caused him to change his mind and plead not guilty. Accordingly, we conclude that McCain has failed to demonstrate manifest injustice based on ineffective assistance of counsel.

**{¶ 39}** In reaching this decision, we also note that McCain did not challenge the validity of his guilty plea until nine years after he was convicted and sentenced. As noted earlier, an "[u]ndue delay in filing a Crim.R. 32.1 motion 'is a factor adversely affecting the credibility of the movant and militating against the granting of the motion.' " *Kemp*, 2d Dist. Clark No. 2014 CA 32, 2014-Ohio-4607 at ¶ 8, quoting *Smith*, 49 Ohio St.2d at 264, 361 N.E.2d 1324. McCain claims the motion to withdraw was delayed because the trial court's error was not brought to his attention until an "inmate law clerk" pointed it out to him on August 21, 2013. However, even after he allegedly discovered the error, McCain did not file his initial motion to withdraw guilty plea until four months later and failed to provide an explanation for the further delay.

**{¶ 40}** Due to the defendant's failure to demonstrate manifest injustice and the undue delay in challenging the validity of his guilty plea, we conclude that the trial court did not abuse its discretion in denying the defendant's supplemental motion to withdraw guilty plea. *See Rogers*, 8th Dist. Cuyahoga No. 99246, 2013-Ohio-3246 at ¶ 37-40. Accordingly, all arguments pertaining to his motion to withdraw guilty plea are overruled.

### III. Conclusion

**{¶ 41}** Having overruled all of McCain's arguments advanced herein, the judgment of the trial court overruling his motion to withdraw guilty plea is affirmed. Because the trial court already amended the sentencing entry to vacate post-release control, it is

unnecessary to vacate any portion of McCain's sentence.

{¶ 42} Judgment affirmed.

. . . . . . . . . . . . .

FAIN, J. and DONOVAN, J., concur.

Copies mailed to:

Mathias H. Heck, Jr.
Tiffany C. Allen
Michael D. McCain
Hon. Mary Katherine Huffman