[Cite as *State ex rel. Ware v. Giavasis*, 2019-Ohio-2119.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
| --- | --- | --- |
| STATE OF OHIO, EX REL, | : | Hon. W. Scott Gwin, P.J. |
| KIMANI E. WARE | : | Hon. William B. Hoffman, J. |
|  | : | Hon. Earle E. Wise, J. |
| Relator | : | |
|  | : | |
| -vs- | : | Case No. 2019CA00003 |
|  | : | |
| LOUIS P. GIAVASIS | : | |
| STARK COUNTY | : | O P I N I O N |
| CLERK OF COURTS | | |

Respondent

CHARACTER OF PROCEEDING:          Writ of Mandamus

JUDGMENT:          Summary Judgment granted in favor of
          Respondent

DATE OF JUDGMENT ENTRY:          May 28, 2019

APPEARANCES:

For Respondent          For Relator

JOHN D. FERRERO          KIMANI WARE Pro Se
Stark County Prosecutor          # A470-743
BY DAVID E. DEIBEL          Trumbull Correctional Institute
Assistant Prosecutor          5701 Burnett Road
110 Central Plaza South, Ste. 510          Leavittsburg, OH 44430
Canton, OH 44702

*Gwin, P.J.*

**{¶1}** Relator, Kimani E. Ware, has filed a Complaint for Writ of Mandamus requesting this Court order Respondent to provide Relator with certain requested public records. Both parties filed motions for summary judgment.

**{¶2}** Relator submitted two public records requests to Respondent. Relator was incarcerated at the time the public records requests were made. The first request was for copies of Respondent's public records policy, records retention schedule, and records retention policy. The second request was for copies of pleadings from a criminal case.

**{¶3}** The records from the first request have been provided.

**{¶4}** "'Mandamus is the appropriate remedy to compel compliance with R.C. 149.43, Ohio's Public Records Act.' *State ex rel. Physicians Commt. for Responsible Medicine v. Ohio State Univ. Bd. of Trustees,* 108 Ohio St.3d 288, 2006–Ohio–903, 843 N.E.2d 174, ¶ 6; R.C. 149.43(C). The Public Records Act implements the state's policy that 'open government serves the public interest and our democratic system.' *State ex rel. Dann v. Taft,* 109 Ohio St.3d 364, 2006–Ohio–1825, 848 N.E.2d 472, ¶ 20. 'Consistent with this policy, we construe R.C. 149.43 liberally in favor of broad access and resolve any doubt in favor of disclosure of public records.' *State ex rel. Glasgow v. Jones,* 119 Ohio St.3d 391, 2008–Ohio–4788, 894 N.E.2d 686, ¶ 13." *State ex rel. Perrea v. Cincinnati Pub. Schools,* 123 Ohio St.3d 410, 2009–Ohio–4762, 916 N.E.2d 1049 at ¶ 13.

**{¶5}** The Ohio Public Records Act imposes restrictions upon inmates seeking certain public records. R.C. 149.43(B)(8) provides,

"A public office or person responsible for public records is not required to permit a person who is incarcerated pursuant to a criminal conviction or a juvenile adjudication to inspect or to obtain a copy of any public record concerning a criminal investigation or prosecution or concerning what would be a criminal investigation or prosecution if the subject of the investigation or prosecution were an adult, unless the request to inspect or to obtain a copy of the record is for the purpose of acquiring information that is subject to release as a public record under this section and the judge who imposed the sentence or made the adjudication with respect to the person, or the judge's successor in office, finds that the information sought in the public record is necessary to support what appears to be a justiciable claim of the person." R.C. 149.43.

{¶6} As the Supreme Court has observed, R.C. 149.43(B) "clearly sets forth heightened requirements for inmates seeking public records. The General Assembly's broad language clearly includes offense and incident reports as documents that are subject to the additional requirement to be met by inmates seeking records concerning a criminal investigation or prosecution. The General Assembly clearly evidenced a public-policy decision to restrict a convicted inmate's unlimited access to public records in order to conserve law enforcement resources." *State ex rel. Russell v. Thornton,* 111 Ohio St.3d 409, 856 N.E.2d 966, 2006-Ohio-5858.

{¶7} Relator has not averred that he sought and received a finding from the sentencing court allowing him to obtain copies of the requested public records. The plain language of the statute does not limit the need to obtain a judicial finding only when an

inmate is requesting his own records. In order to establish a clear legal right to the requested records, Relator must establish he obtained judicial approval to obtain the records. Relator has failed to establish he was entitled to the requested records because he did not obtain judicial approval.

{¶8} For this reason, we find Relator has failed to state a claim upon which relief may be granted and grant Respondent's motion for summary judgment.