**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Ware v. Giavasis*, Slip Opinion No. 2020-Ohio-3700.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-3700

THE STATE EX REL. WARE, APPELLANT, *v*. GIAVASIS, CLERK, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Ware v. Giavasis*, Slip Opinion No. 2020-Ohio-3700.]

*Mandamus—Public-records requests—Inmate seeking access to records concerning his prosecution failed to obtain approval of sentencing judge as required under R.C. 149.43(B)(8)—Court of appeals' judgment affirmed.*

(No. 2019-0824—Submitted June 2, 2020—Decided July 16, 2020.)

APPEAL from the Court of Appeals for Stark County, No. 2019CA00003, 2019-Ohio-2119.

_____

**Per Curiam.**

{¶ 1} Appellant, Kimani Ware, a prison inmate, appeals the decision of the Fifth District Court of Appeals granting summary judgment in favor of appellee, Louis P. Giavasis, the Stark County Clerk of Courts, on Ware's complaint for a writ of mandamus to compel the production of public records. The Fifth District granted

judgment in Giavasis's favor because Ware did not comply with R.C. 149.43(B)(8), which requires the sentencing judge's approval for certain public-records requests made by prison inmates. We affirm.

**Background**

{¶ 2} On October 23, 2018, Ware sent a public-records request by ordinary mail to Giavasis seeking copies of the clerk of courts' public-records policy, records-retention schedule, and records-retention policy. Ware sent a second request by certified mail to Giavasis on December 6, 2018, this time seeking copies of the indictment, docket sheet, complaint, and jury-verdict forms in a 2003 criminal case involving a fellow prison inmate. Ware alleges that Giavasis did not respond to either request.

{¶ 3} On January 8, 2019, Ware filed a mandamus complaint in the Fifth District seeking to compel Giavasis to provide the records he had requested. Giavasis moved for summary judgment and submitted evidence showing that he responded to Ware's requests on January 18, 2019. Giavasis's response included documents responsive to Ware's first request, but Giavasis took the position that Ware was not entitled to the documents sought in the second request because Ware had not complied with R.C. 149.43(B)(8). The Fifth District granted summary judgment in Giavasis's favor, noting that Giavasis had satisfied Ware's first request and agreeing with Giavasis's denial of the second request based on Ware's failure to comply with R.C. 149.43(B)(8).

{¶ 4} Ware appealed to this court as of right.

**Analysis**

{¶ 5} Because Giavasis provided records in response to Ware's first request and Ware presents no argument concerning that request, only his second request—for records from a 2003 criminal case—is at issue in this appeal. We review the Fifth District's decision granting summary judgment de novo. *Smith v. McBride*, 130 Ohio St.3d 51, 2011-Ohio-4674, 955 N.E.2d 954, ¶ 12. "Summary judgment

is appropriate when an examination of all relevant materials filed in the action reveals that 'there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' " *Id.*, quoting Civ.R. 56(C).

*Noncompliance with R.C. 149.43(B)(8)*

{¶ 6} The Fifth District correctly concluded that Ware's mandamus claim fails as a matter of law. As a person incarcerated pursuant to a criminal conviction, Ware first must obtain the approval of the sentencing judge before he is entitled to access to "any public record concerning a criminal investigation or prosecution." R.C. 149.43(B)(8). We have characterized this language as "broad and encompassing." *State ex rel. Russell v. Thornton*, 111 Ohio St.3d 409, 2006-Ohio-5858, 856 N.E.2d 966, ¶ 14 (involving former R.C. 149.43(B)(4), now R.C. 149.43(B)(8)). Because the records Ware requested—an indictment, a docket sheet, a complaint, and jury-verdict forms—clearly concern a criminal prosecution, Giavasis had no duty to give them to Ware without the sentencing judge's approval.

{¶ 7} Ware suggests that under *Russell*, R.C. 149.43(B)(8) applies only when a prison inmate is seeking offense and incident reports. To be sure, we did hold in *Russell* that offense and incident reports are records "concerning a criminal investigation or prosecution." *Russell* at ¶ 14. But that holding does not support Ware's proposition that offense and incident reports are the *only* records that require the sentencing judge's approval under R.C. 149.43(B)(8).

{¶ 8} Ware also argues that R.C. 149.43(B)(8) is unconstitutional. Ware waived that argument by failing to raise it below. *See State ex rel. Fernbach v. Brush*, 133 Ohio St.3d 151, 2012-Ohio-4214, 976 N.E.2d 889, ¶ 3. We therefore need not address it.

*Statutory damages*

{¶ 9} Ware contends that the Fifth District erred in failing to address his claim for statutory damages. His first records request is not eligible for an award of statutory damages, because he transmitted that request by ordinary mail. *See*

former R.C. 149.43(C)(2), 2018 Am.Sub.H.B. No. 8 (transmissions "by hand delivery or certified mail" may qualify). But Ware could be eligible for statutory damages related to his second request, because he sent that request by certified mail. *See* former R.C. 149.43(C)(2), 2018 Sub.H.B. No. 312 (transmissions "by hand delivery, electronic submission, or certified mail" may qualify).

{¶ 10} If a request meets the form and transmission requirements of R.C. 149.43(C)(2), "the requester shall be entitled to" statutory damages "if a court determines that the public office or the person responsible for public records failed to comply with an obligation" under R.C. 149.43(B). This broad language means that a party may be entitled to statutory damages even when she does not prevail on her mandamus claim. *See, e.g.*, *State ex rel. Kesterson v. Kent State Univ.*, 156 Ohio St.3d 13, 2018-Ohio-5108, 123 N.E.3d 887, ¶ 22 (awarding statutory damages because responsive records were not provided within a reasonable period of time).

{¶ 11} Ware suggests that he is entitled to statutory damages because Giavasis did not respond to the second request until after Ware filed his mandamus complaint. But Ware has not shown that Giavasis "failed to comply with an obligation" under R.C. 149.43(B) with respect to the second request. Giavasis justifiably denied that request, so his only obligation was to provide Ware with an explanation for the denial. *See* R.C. 149.43(B)(3). Giavasis satisfied that duty by sending Ware a letter on January 18, 2019, in which he explained R.C. 149.43(B)(8)'s applicability.

{¶ 12} We need not determine whether Giavasis responded to Ware within a reasonable period of time. Unlike R.C. 149.43(B)(1), which requires public records to be "promptly prepared" and made available "within a reasonable period of time" upon request, R.C. 149.43(B)(3) does not impose a timeliness requirement. *State ex rel. Armatas v. Plain Twp. Bd. of Trustees*, 5th Dist. Stark No. 2019CA00141, 2020-Ohio-1225, ¶ 20.

Judgment affirmed.

O'CONNOR, C.J., and FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

KENNEDY and FRENCH, JJ., concur in judgment only.

_____

Kimani Ware, pro se.

John D. Ferrero, Stark County Prosecuting Attorney, and David E. Deibel, Assistant Prosecuting Attorney, for appellee.

_____