[Cite as *State ex rel. Almazan v. Gilson*, 2021-Ohio-435.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE EX REL., HECTOR ALMAZAN, :

    Relator, :

                                   No. 109893

    v. :

THOMAS P. GILSON, M.D., :

    Respondent. :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** COMPLAINT DISMISSED
**DATED:** February 16, 2021

Writ of Mandamus
Motion No. 541170
Order No. 543864

### *Appearances:*

Hector Almazan, *pro se.*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Jake A. Elliott, Assistant Prosecuting Attorney, *for respondent.*

MARY EILEEN KILBANE, J.:

{¶ 1} Hector Almazan has filed a complaint for a writ of mandamus. Almazan seeks an order from this court that requires the Cuyahoga County Medical Examiner Thomas P. Gilson, M.D. ("ME") to provide him with coroner records that

relate to the death of Aura Morales.[1]  The ME has filed a motion to dismiss that is granted for the following reasons.

## I. Facts

**{¶ 2}**  Almazan, through his complaint for a writ of mandamus, alleges that in June 2020, he sent a letter to the ME for "a complete copy of the autopsy report of Ms. Aura Morales and photographs along with the x-rays, and anything pertaining to the death of Ms. Aura Morales."  On June 25, 2020, the ME denied the request for autopsy records based on the failure of Almazan to comply with R.C. 149.43(B)(8):

> Your request for records is denied.
>
> Pursuant to R.C. 149.43(B)(8), an inmate must first demonstrate to the sentencing court that he is entitled to the information he seeks before a public entity is required to fulfill his public records request.  *See* R.C. 149.43(B)(8).  According to the docket, captioned *State v. Almazan*, Cuyahoga County case number CR 14 589365A, you have not received the court's permission to make this public records request.  Therefore, your request cannot be approved.

**{¶ 3}**  On August 17, 2020, Almazan filed his complaint for a writ of mandamus.  On September 16, 2020, the ME filed a motion to dismiss the complaint for a writ of mandamus.  On November 18, 2020, this court issued an order that required Almazan to provide a copy of the letter that was sent to the ME in June 2020:

---

[1]Almazan was convicted of the aggravated murder of Aura Morales and sentenced to a life sentence without the possibility of parole.  *See State v. Almazan*, Cuyahoga C.P. No. CR-14-589365-A.

Sua sponte, the relator-Hector Almazan is ordered to supplement his complaint for a writ of mandamus with a copy of the "request notification letter" sent to the respondent-Thomas P. Gilson, M.D., Medical Examiner Cuyahoga County, in June of 2020, that requested the production of alleged "public records" relating to the death of Aura Morales.

The supplement shall be filed with this Court no later than December 31, 2020.

{¶ 4} Almazan has failed to comply with the sua sponte order and has not provided this court with a copy of the letter sent to the ME that demonstrates what coroner records were specifically requested in June 2020.

## II. Legal Analysis

### A. Standards for Granting Mandamus

{¶ 5} In order for this court to grant a writ of mandamus, Almazan must demonstrate, by clear and convincing evidence, (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of the respondent to provide the requested relief, and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. McKinney v. Schmenk*, 152 Ohio St.3d 70, 2017-Ohio-9183, 92 N.E.3d 871; *State ex rel. Love v. O'Donnell*, 150 Ohio St.3d 378, 2017-Ohio-5659, 81 N.E.3d 12550; *State ex rel. Westchester v. Bacon*, 61 Ohio St.2d 42, 399 N.E.2d 81 (1980).

### B. Failure to Obey Sua Sponte Order to Supplement Complaint for Mandamus

{¶ 6} Initially, we find that Almazan has failed to demonstrate, by clear and convincing evidence, what records were specifically requested from the ME. The

complaint for mandamus does not include a copy of the letter that was sent to the ME in June 2020.

{¶ 7} Almazan was instructed, through a sua sponte order, to supplement his complaint for mandamus with the letter sent to the ME in order to demonstrate what records were specifically requested to be provided by the ME. Almazan has failed to comply with this court's sua sponte order by providing the letter sent to the ME. Almazan is required to demonstrate what records were requested before filing a mandamus action. *State ex rel. Essi v. Lakewood*, 2018-Ohio-5027, 126 N.E.3d 254 (8th Dist.). Mandamus will not compel the production of a record that has not been requested. *State ex rel. Bandy v. Gilson*, Slip Opinion No. 2020-Ohio-5222; *State ex rel. Zauderer v. Joseph*, 62 Ohio App.3d 752, 577 N.E.2d 444 (10th Dist.1989); *State ex rel. Cushion v. Massillon*, 5th Dist. Stark No. 2010CA00199, 2011-Ohio-4749.

## C. Records Exempt from Disclosure by Coroner – R.C. 313.10

{¶ 8} In addition, the records of a coroner "including, but not limited to, the detailed description of the observations written during the progress of an autopsy and the conclusions drawn from those observations filed in the office of the coroner" are ordinarily considered to be public records. *State ex rel. Cincinnati Enquirer v. Pike Cty. Gen Health Dist.*, 154 Ohio St.3d 297, 2018-Ohio-3721, 114 N.E.3d 152, ¶ 13, quoting R.C. 313.10(A)(1). However, R.C. 313.10(A)(2) provides that certain records retained by the coroner are not public records and thus not subject to disclosure. The following records in a coroner's office are not public records: (1)

preliminary autopsy and investigative notes and findings made by the coroner or by anyone acting under the coroner's direction or supervision; (2) photographs of a decedent made by the coroner or by anyone acting under the coroner's direction or supervision; (3) suicide notes; (4) medical and psychiatric records provided to the coroner, a deputy coroner, or a representative of the coroner or a deputy coroner under section 313.091 of the Revised Code; (5) records of a deceased individual that are confidential law enforcement investigatory records as defined in section 149.43 of the Revised Code; and (6) laboratory reports generated from the analysis of physical evidence by the coroner's laboratory that are discoverable under Crim.R. 16. Clearly, the records allegedly requested by Almazan fall within the records exceptions provided under R.C. 313.10(A)(2) and the ME possesses no duty to provide any of the records allegedly requested by Almazan. The records excluded under R.C. 313.10(A)(2) may only be provided to a next of kin, journalists, and insurers pursuant to R.C. 313.10(C) and (E).

{¶ 9} It must also be noted that Almazan's reliance upon the appellate opinion, rendered in *State ex rel. Fellows v. Soboslay*, 11th Dist. Trumbull No. 96-T-5442, 1996 Ohio App.LEXIS 3198 (July 26, 1996), is misplaced. The Ohio Supreme Court has specifically overturned the opinion and legal analysis contained in *Fellows*. *See State ex rel. Bandy v. Gilson, supra.*

**D. Failure to Comply with R.C. 149.43(B)(8)**

{¶ 10} Notwithstanding the application of R.C. 313.10, Almazan has also failed to comply with the requirements of R.C. 149.43(B)(8), which provides that:

A public office or person responsible for public records is not required to permit a person who is incarcerated pursuant to a criminal conviction or a juvenile adjudication to inspect or to obtain a copy of any public record concerning a criminal investigation or prosecution or concerning what would be a criminal investigation or prosecution if the subject of the investigation or prosecution were an adult, unless the request to inspect or to obtain a copy of the record is for the purpose of acquiring information that is subject to release as a public record under this section and the judge who imposed the sentence or made the adjudication with respect to the person, or the judge's successor in office, finds that the information sought in the public record is necessary to support what appears to be a justiciable claim of the person.

{¶ 11} Almazan has failed to comply with the mandatory requirement of R.C. 149.43(B)(8) before requesting any public records from the ME. The failure to seek and receive leave from the judge or successor judge in CR-14-589365-A prevents this court from issuing a writ of mandamus on behalf of Almazan. *State ex rel. Ware v. Giavasis*, 160 Ohio St.3d 383, 2020-Ohio-3700, 157 N.E.3d 710; *State ex rel. Ellis v. Cleveland Police Forensic Laboratory*, 157 Ohio St.3d 483, 2019-Ohio-4201, 137 N.E.3d 1171; *State ex rel. Russell v. Thornton*, 111 Ohio St.3d 409, 2006-Ohio-5858, 856 N.E.2d 966.

**E. Conclusion**

{¶ 12} Accordingly, we grant the ME's motion to dismiss. Costs to Almazan. The court directs the clerk of courts to serve all parties with notice of this judgment and the date of entry upon the journal as required by Civ.R. 58(B).

{¶ 13} Complaint dismissed.

_____
MARY EILEEN KILBANE, JUDGE

SEAN C. GALLAGHER, P.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR