[Cite as *State ex rel. Tenney v. Rice*, 2023-Ohio-4269.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

STATE OF OHIO ex rel.
MICHAEL TENNEY,

Relator,

- vs -

THE HONORABLE: RONALD RICE,

Respondent.

CASE NO. 2023-T-0053

Original Action for Writ of Mandamus

**P E R   C U R I A M**
**O P I N I O N**

Decided: November 27, 2023
Judgment: Petition dismissed

*Michael Tenney*, pro se, PID# A704-630, Trumbull Correctional Institution, 5701 Burnett Street, P.O. Box 640, Leavittsburg, OH 44430 (Relator).

*Dennis Watkins*, Trumbull County Prosecutor, and *Samantha L. Monroe*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Respondent).

PER CURIAM.

{¶1} This matter is before the court on a complaint for writ of mandamus filed by relator, Michael Tenney ("Mr. Tenney"), against respondent, Judge Ronald Rice of the Trumbull County Court of Common Pleas ("respondent"), and respondent's Civ.R. 12(B)(6) motion to dismiss for failure to state a claim, and their respective replies, i.e., Mr. Tenney's "Motion to Dismiss Respondent's Motion to Dismiss," and respondent's "Reply to Motion to Dismiss for Writ of Mandamus." For the reasons that follow, respondent's motion is granted, and Mr. Tenney's petition for a writ of mandamus is dismissed.

{¶2} Mr. Tenney is incarcerated in the Trumbull Correctional Institution. In June 2023, Mr. Tenney sent a "Formal Request for Documents" pursuant to R.C. 149.43 and the Freedom of Information Act ("FOIA"), 5 U.S.C. 552, to the Trumbull County Clerk of Courts and the Trumbull County Prosecutor's Office seeking documents from his criminal case, *State v. Tenney*, case no. 2017 CR 00159.

{¶3} Mr. Tenney alleged the clerk of courts partially fulfilled his request, sending him "Partial Docket information, Bills of Indictment, and his Journal Entry." However, the clerk "did not provide * * * the Affidavit, Judgement Entry [sic], Investigative Reports, and Reports from Arraignment Appearance, Preliminary Hearings, & Pre Trials [sic] up to trial." Mr. Tenney received a letter from the prosecutor's office informing him that pursuant to R.C. 149.43(B)(8), he is required, as a preliminary matter, to obtain a finding from the judge who sentenced him, or the judge's successor, that the information sought in the public record is necessary to support what appears to be a justiciable claim.

{¶4} Mr. Tenney contends respondent has a duty to compel the clerk of courts and the prosecutor's office to release the public records he has requested.

{¶5} Respondent contends Mr. Tenney's petition should be dismissed because he failed to comply with R.C. 149.43(B)(8), and, thus, it fails to state a claim upon which relief can be granted.

### Predicate for Mandamus

{¶6} "A mandamus is a civil proceeding, extraordinary in nature since it can only be maintained when there is no other adequate remedy to enforce clear legal rights." *State ex rel. Widmer v. Mohney*, 11th Dist. Geauga No. 2007-G-2776, 2008-Ohio-1028, ¶ 31, citing *State ex rel. Brammer v. Hayes*, 164 Ohio St. 373, 130 N.E.2d 795 (1955). "Mandamus is a writ issued to a public officer to perform an act that the law enjoins as a

2

Case No. 2023-T-0053

duty resulting from his or her office." *Id.*, citing R.C. 2731.01. For a writ of mandamus to issue, (1) the relator must establish a clear legal right to the relief prayed for; (2) the respondent must have a clear legal duty to perform the act; and (3) the relator must have no plain and adequate remedy in the ordinary course of the law. *Id.* The Supreme Court of Ohio has held that mandamus is the appropriate remedy to force compliance with the public records statute. *State ex rel. McGowan v. Cuyahoga Metro. Hous. Auth.*, 78 Ohio St.3d 518, 520, 678 N.E.2d 1388 (1997). Thus, persons seeking public records need not establish the lack of an adequate remedy at law in order to be entitled to a writ of mandamus. *Id.*

**Civ.R. 12(B)(6) Motion to Dismiss**

{¶7} "A motion to dismiss for failure to state a claim upon which relief can be granted is procedural in nature and tests the sufficiency of the complaint." *Huffman v. Willoughby*, 11th Dist. Lake No. 2007-L-040, 2007-Ohio-7120, ¶ 16, citing *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548, 605 N.E. 2d 378 (1992). "[W]hen a party files a motion to dismiss for failure to state a claim, all the factual allegations of the complaint must be taken as true and all reasonable inferences must be drawn in favor of the nonmoving party." *Byrd v. Faber*, 57 Ohio St.3d 56, 60, 565 N.E.2d 584 (1991). "In order for a court to grant a motion to dismiss for failure to state a claim, it must appear '"beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."'" *Huffman* at ¶ 18, quoting *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 245, 327 N.E.2d 753 (1975), quoting *Conley v. Gibson*, 355 U.S. 41, 45, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

3

Case No. 2023-T-0053

**R.C. 149.43(B)(8)**

{¶8}   In *State ex rel. Ware v. Giavasis*, 160 Ohio St.3d 383, 2020-Ohio-3700, 157 N.E.3d 710, the Supreme Court of Ohio explained an incarcerated person must first obtain the approval of the sentencing judge before he is entitled to access "'any public record concerning a criminal investigation or prosecution.'"   *Id.* at ¶ 6, quoting R.C. 149.43(B)(8).  The court has characterized this language as "'broad and encompassing.'" *Id.*, quoting *State ex rel. Russell v. Thornton*, 111 Ohio St.3d 409, 2006-Ohio-5858, 856 N.E.2d 966, ¶ 14 (involving former R.C. 149.43(B)(4), now R.C. 149.43(B)(8)).

{¶9}   R.C. 149.43(B)(8) provides:

{¶10}  "A public office or person responsible for public records is not required to permit a person who is incarcerated pursuant to a criminal conviction * * * to inspect or to obtain a copy of any public record concerning a criminal investigation or prosecution * * *, unless the request to inspect or to obtain a copy of the record is for the purpose of acquiring information that is subject to release as a public record under this section and the judge who imposed the sentence * * * with respect to the person, or the judge's successor in office, finds that the information sought in the public record is necessary to support what appears to be a justiciable claim of the person."

{¶11}  A review of Mr. Tenney's petition reveals he never filed a R.C. 149.43(B)(8) request to respondent.  He is required to obtain the approval of respondent before he is entitled to access "any public record concerning a criminal investigation or prosecution," which he has failed to do.  Thus, his mandamus claim fails as a matter of law.  *Giavasis* at ¶ 6.

{¶12}  In *Holder v. Chester Twp.*, 11th Dist. Geauga No. 2002-G-2461, 2002-Ohio-7168, this court similarly concluded "relator's petition is not legally sufficient to state a

4

proper claim because, in the absence of an allegation stating that the requirements of R.C. 149.43(B)(4) [now R.C. 149.43(B)(8)] have been met, [relator] cannot prove that she has a clear legal right to have access to the public documents in question." *Id.* at ¶ 12.[1]

## R.C. 2969.25

{¶13} In addition, Mr. Tenney's petition does not comply with the requirements of R.C. 2969.25.

{¶14} Pursuant to R.C. 2969.25(A):

{¶15} "At the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court. The affidavit shall include all of the following for each of those civil actions or appeals:

{¶16} "(1) A brief description of the nature of the civil action or appeal;

{¶17} "(2) The case name, case number, and the court in which the civil action or appeal was brought;

{¶18} "(3) The name of each party to the civil action or appeal;

{¶19} "(4) The outcome of the civil action or appeal, including whether the court dismissed the civil action or appeal as frivolous or malicious under state or federal law or rule of court, whether the court made an award against the inmate or the inmate's counsel of record for frivolous conduct under section 2323.51 of the Revised Code, another

---

1. Mr. Tenney also made his formal request for documents pursuant to the FOIA. However, the FOIA does not apply to state agencies or officers. *State ex rel. Findlay Publishing Co. v. Schroeder*, 76 Ohio St.3d 580, 582, 669 N.E.2d 835 (1996).

5

statute, or a rule of court, and, if the court so dismissed the action or appeal or made an award of that nature, the date of the final order affirming the dismissal or award."

{¶20} Pursuant to R.C 2969.25(C):

{¶21} "If an inmate who files a civil action or appeal against a government entity or employee seeks a waiver of the prepayment of the full filing fees assessed by the court in which the action or appeal is filed, the inmate shall file with the complaint or notice of appeal an affidavit that the inmate is seeking a waiver of the prepayment of the court's full filing fees and an affidavit of indigency. The affidavit of waiver and the affidavit of indigency shall contain all of the following:

{¶22} "(1) A statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier;

{¶23} "(2) A statement that sets forth all other cash and things of value owned by the inmate at that time."

{¶24} "'The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal.'" *State ex rel. Norris v. Giavasis*, 100 Ohio St.3d 371, 2003-Ohio-6609, 800 N.E.2d 365, ¶ 4, quoting *State ex rel. White v. Bechtel*, 99 Ohio St.3d 11, 2003-Ohio-2262, 788 N.E.2d 634, ¶ 5. Mr. Tenney failed to comply with R.C. 2969.25(A) and 2969.25(C).

{¶25} Thus, for this additional reason, Mr. Tenney's petition must be dismissed.

{¶26} Accordingly, respondent's motion to dismiss is granted, and Mr. Tenney's petition for a writ of mandamus is dismissed.


JOHN J. EKLUND, P.J., MARY JANE TRAPP, J., ROBERT J. PATTON, J., concur.

6

Case No. 2023-T-0053