**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *McCain v. Huffman,* **Slip Opinion No. 2017-Ohio-9241.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2017-OHIO-9241

MCCAIN, APPELLANT, *v*. HUFFMAN, JUDGE, ET AL., APPELLEES.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *McCain v. Huffman,* **Slip Opinion No. 2017-Ohio-9241.]**

*Mandamus—Inmate's alleged attempt to enter guilty plea at arraignment did not divest successor judge of jurisdiction to sentence him—Court of appeals' dismissal of complaint affirmed.*

(No. 2016-1894—Submitted June 20, 2017—Decided December 28, 2017.)

APPEAL from the Court of Appeals for Montgomery County, No. 27142.

_____

**Per Curiam.**

{¶ 1} Appellant, Michael D. McCain Sr., appeals the dismissal of his complaint for a writ of mandamus against appellees, Judges Mary K. Huffman and Jeffrey E. Froelich.  We affirm.

*Background*

{¶ 2} On May 21, 2004, the Montgomery County Grand Jury indicted McCain on charges of felony murder, aggravated robbery, and falsification.  On

May 25, he was arraigned in the Montgomery County Court of Common Pleas before Judge Froelich. Judge Froelich entered a not-guilty plea on McCain's behalf after McCain, according to the court's entry, "stood mute." McCain's mandamus complaint alleges that he attempted to plead guilty at his arraignment.

{¶ 3} McCain's next court appearance was on September 28, 2004, before Judge Huffman. At that time, he pleaded guilty to the felony-murder and aggravated-robbery charges, and the state agreed to dismiss the falsification charge. During the plea colloquy, Judge Huffman erroneously informed McCain that he would be subject to a term of postrelease control on the felony-murder charge. In fact, felony murder is an unclassified felony to which the postrelease-control statute does not apply. *E.g.*, *State v. Allen*, 6th Dist. Lucas No. L-14-1078, 2016-Ohio-2742, ¶ 28.

{¶ 4} On October 12, 2004, Judge Huffman imposed a sentence that erroneously included postrelease control on both convictions. Judge Huffman later issued a nunc pro tunc entry correcting and vacating the term of postrelease control imposed as to the aggravated-robbery conviction but not the term of postrelease control imposed as to the felony-murder conviction.

{¶ 5} McCain requested records relating to his arraignment, including video and transcripts, but Judge Huffman denied his request.

{¶ 6} On June 8, 2016, McCain commenced the present action for a writ of mandamus in the Second District Court of Appeals. He claimed that his attempt to enter a guilty plea at his arraignment before Judge Froelich divested Judge Huffman of jurisdiction to accept the guilty plea that he entered before her. Citing R.C. 149.43 (Ohio's Public Records Act), he demanded "a full copy of the arraignment transcripts, Referee Report and Video." And he alleged various constitutional deprivations and claims of ineffective assistance of counsel, all of which, he asserted, invalidate his plea agreement and require the court to vacate his convictions and release him from prison.

{¶ 7} Judges Froelich and Huffman filed separate motions to dismiss. On November 15, 2016, the court of appeals dismissed McCain's action. The court first noted that Judge Froelich is no longer a common pleas court judge and therefore has no clear duty to act in that court. The court of appeals therefore granted Judge Froelich's motion to dismiss. The court then dismissed the case in its entirety, holding that Judge Huffman had retained jurisdiction to accept McCain's plea, that McCain's attempt to invoke the Public Records Act was improper, and that habeas corpus, not mandamus, is the appropriate action when an inmate seeks release from confinement.

{¶ 8} McCain appealed and filed a merit brief. Judges Froelich and Huffman did not file merit briefs. On June 7, 2017, Judge Froelich filed a motion to strike McCain's merit brief on the ground that McCain had failed to serve it properly; in the alternative, Judge Froelich asked the court to order McCain to complete service and allow him time to file a merit brief. McCain timely filed a brief in opposition to the motion to strike, along with a pleading captioned "motion to address the appellee Huffman's failure to file a timely response to the merit brief."

*Analysis*

{¶ 9} McCain's merit brief presents two propositions of law. In the first, he contends that the court of appeals granted only Judge Froelich's motion to dismiss (a decision he now concedes was correct). McCain emphasizes that the court's decision does not explicitly state that Judge Huffman's motion to dismiss was granted, which McCain understands to mean that that motion is still pending. He therefore requests that the case be remanded to the court of appeals. However, the court of appeals effectively granted Judge Huffman's motion when it dismissed McCain's action in its entirety.

{¶ 10} In his second proposition of law, McCain reiterates his belief that Judge Huffman lacked jurisdiction to sentence him and that he should therefore be

released. But habeas corpus, not mandamus, is the appropriate action when an inmate seeks release from confinement. *State ex rel. Briscoe v. Matia*, 128 Ohio St.3d 365, 2011-Ohio-760, 944 N.E.2d 667, ¶ 10. Moreover, we find no legal support for McCain's argument that his alleged attempt to enter a guilty plea at his arraignment before Judge Froelich divested Judge Huffman of jurisdiction. To the contrary, a trial court's jurisdiction does not end until a final judgment has been entered pursuant to Crim.R. 32. *State v. Gilbert*, 143 Ohio St.3d 150, 2014-Ohio-4562, 35 N.E.3d 493, ¶ 9.

**{¶ 11}** McCain's argument regarding Judge Huffman's nunc pro tunc entry is unclear. If his claim is that postrelease control was imposed improperly, either in his original sentence or in the nunc pro tunc entry, then the appropriate remedy would be a new sentencing hearing on postrelease control (which McCain has not requested), not his release from prison. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 28-29. The state does not dispute that Judge Huffman did in fact impose postrelease control improperly in the original sentencing entry. But the allegations made in McCain's complaint and the documents appended thereto give no reason to believe that Judge Huffman did not properly correct the error.

**{¶ 12}** Regarding McCain's request for records of his arraignment, R.C. 149.43(B)(8) provides that there is no duty to provide public records requested by an inmate unless "the judge who imposed the sentence * * *, or the judge's successor in office, finds that the information sought in the public record is necessary to support what appears to be a justiciable claim of the person." McCain seeks the requested records in order to prove that he tried to plead guilty at his arraignment and to disprove Judge Froelich's finding that McCain failed to state a plea. But the outcome of this dispute is of no legal consequence: even if he proved his version of events, McCain would not be entitled to mandamus relief against

Judge Hoffman. Therefore, McCain's request for records of his arraignment was correctly denied.

{¶ 13} Finally, McCain alleges that his attorneys were ineffective at both his arraignment and at his plea and sentencing hearings. But his complaint does not explain how his attorneys' alleged ineffectiveness created a duty to act on the part of Judge Huffman, which is an essential element for mandamus relief to be warranted, *e.g.*, *State ex rel. Birdsall v. Stephenson*, 68 Ohio St.3d 353, 355, 626 N.E.2d 946 (1994) (holding that the existence of a clear legal duty and the want of an adequate remedy at law are conditions for a writ of mandamus to issue).

{¶ 14} For these reasons, we affirm the judgment of the court of appeals. Judge Froelich's motion to strike and McCain's motion for leave are denied as moot.

Judgment affirmed.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, O'NEILL, FISCHER, and DEWINE, JJ., concur.

_____

Michael D. McCain Sr., pro se.

Michael DeWine, Attorney General, and Sarah E. Pierce and Tiffany L. Carwile, Assistant Attorneys General, for appellee Judge Jeffrey E. Froelich.

_____