**[Cite as *State v. McCain*, 2018-Ohio-2425.]**

COURT OF APPEALS
MONTGOMERY COUNTY, OHIO
SECOND APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | (Visiting Judges Sitting by |
| | : | Supreme Court Assignment) |
| | : | |
| MICHAEL D. MCCAIN | : | Case No. 27533 |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:    Appeal from the Montgomery County
Court of Common Pleas, case no. 04-
CR-1865

JUDGMENT:    AFFIRMED

DATE OF JUDGMENT ENTRY:    June 22, 2018

APPEARANCES:

For Plaintiff-Appellee:

MATHIAS H. HECK, JR.
PROSECUTING ATTORNEY
ANDREW T. FRENCH
P.O. Box 972
301 West Third Street
Dayton, OH 45422

For Defendant-Appellant:

MICHAEL D. MCCAIN, PRO SE
#A479429
Mansfield Correctional Inst.
P.O. Box 788
Mansfield, OH 44901

*Delaney, J.*

{¶1} Appellant Michael D. McCain appeals from the March 15, 2017 "Decision, Order and Entry Overruling Request for Records" of the Montgomery County Court of Common Pleas. Appellee is the state of Ohio.

**FACTS AND PROCEDURAL HISTORY**

{¶2} A statement of the facts underlying appellant's criminal convictions is not necessary for our resolution of this appeal. This matter has a lengthy procedural history.

{¶3} This case arose in 2004 when appellant entered pleas of guilty to felony murder and aggravated robbery, and was sentenced to an aggregate prison term of 15 years to life. Appellant did not appeal directly from his convictions and sentence.

{¶4} In 2013, appellant began filing a number of post-conviction motions, all of which were overruled, and the decisions of the trial court were affirmed in subsequent appeals. See, *State v. McCain*, 2nd Dist. Montgomery No. 26020, 2014-Ohio-2819 [*McCain I*, untimely petition for post conviction relief]; *State v. McCain*, 2nd Dist. Montgomery No. 26356, 2015-Ohio-449, motion for delayed appeal denied, 143 Ohio St.3d 1415, 2015-Ohio-2911, 34 N.E.3d 929 [*McCain II*, withdrawal of guilty pleas on basis of alleged "judicial bias" and improper warning re post release control]; *State v. McCain*, 2nd Dist. Montgomery No.27195, 2017-Ohio-7518, appeal not allowed, 151 Ohio St.3d 1514, 2018-Ohio-365, 90 N.E.3d 952 [*McCain III*, 2016 motions to withdraw pleas and petition for post conviction relief].

{¶5} On February 27, 2017, appellant filed an "Official request from Michael D. McCain Sr., for the Public Records and Court Documents in the archives or records specialist office for good reason given" (*sic throughout*). Appellant argued, e.g., he

needed the records for the pending appeal in *McCain III*. The trial court overruled appellant's request on March 15, 2017, finding:

> * * * *.
>
> It appears from the record that Defendant seeks certain records for purposes of his pending appeal in [*McCain III*]. The record in [*McCain III*] was certified by the Clerk of Courts on November 9, 2016. As such, the court finds that matters relating to the record are the subject of the Appellate Court's jurisdiction, and as such, the court OVERRULES the pending Motion filed by Defendant.
>
> * * * *.

{¶6} Appellant then filed a motion before this Court on April 10, 2017, during the pendency of *McCain III*, requesting the same records, and we granted appellant's motion, directing that he "must make his request [for records] to the clerk of courts and must remit to the clerk any costs for those copies."

{¶7} Appellant then filed another motion in *McCain III* requesting an order to compel the trial court to provide copies of the records, which we denied.

{¶8} He also appealed from the trial court's decision of March 15, 2017, the instant appeal.

{¶9} In the meantime, in 2016 appellant commenced an action for a writ of mandamus in this Court against 1) the judge of the Montgomery Court of Common Pleas before whom he was arraigned, and 2) the judge of the Montgomery County Court of Common pleas before whom he entered his guilty pleas. Both judges filed separate

motions to dismiss; we dismissed the case in its entirety, and appellant appealed to the Ohio Supreme Court.

{¶10} In *McCain v. Huffman*, 151 Ohio St.3d 611, 2017-Ohio-9241, 91 N.E.3d 749, the Court overruled a number of appellant's arguments and stated the following regarding his requests for records of his arraignment:

> Regarding [appellant's] request for records of his arraignment, R.C. 149.43(B)(8) provides that there is no duty to provide public records requested by an inmate unless "the judge who imposed the sentence * * *, or the judge's successor in office, finds that the information sought in the public record is necessary to support what appears to be a justiciable claim of the person." [Appellant] seeks the requested records in order to prove that he tried to plead guilty at his arraignment and to disprove Judge Froelich's finding that [appellant] failed to state a plea. But the outcome of this dispute is of no legal consequence: even if he proved his version of events, [appellant] would not be entitled to mandamus relief against Judge Huffman. Therefore, [appellant's] request for records of his arraignment was correctly denied.
>
> *McCain v. Huffman*, 151 Ohio St.3d 611, 2017-Ohio-9241, 91 N.E.3d 749, ¶ 12.

{¶11} We turn now to the instant appeal from the trial court's decision of March 15, 2017.

{¶12} Appellant raises one assignment of error:

## ASSIGNMENT OF ERROR

{¶13} "THE TRIAL COURT AND SPECIAL PANEL HAS DENIED, HINDERED, AND PREVENTED ACCESS TO THE COURT RECORDS, AS PUBLIC RECORDS, AND EVIDENCE TO PROVE HIS CLAIM, THAT HE NOT ONLY PLEAD GUILTY AT HIS ARRAIGNMENT, BUT WAS WITHOUT HIS ALREADY APPOINTED COUNSEL. VIOLATING HIS STATUTORY, AND CONSTITUTIONAL RIGHTS TO DUE PROCESS AND EQUAL PROTECTION OF THE LAW, OF BOTH THE FEDERAL AND STATE OF OHIO.    PURSUANT TO O.R.C. 149.43, AND OHIO SUPERINTENDENCE RULE 47(A)(1) [*sic throughout*]."

## ANALYSIS

{¶14} Appellant argues, again, that he is entitled to the records of his arraignment. We disagree.

{¶15} First, as we have already advised appellant, he must request records from the clerk of court and "**must remit to the clerk any costs for those copies**."  Ohio Sup. R. 45(B) states:

> (1) A court or clerk of court shall make a court record available by direct access, promptly acknowledge any person's request for direct access, and respond to the request within a reasonable amount of time.

> (2) Except for a request for bulk distribution pursuant to Sup. R. 46, a court or clerk of court shall permit a requestor to have a court record duplicated upon paper, upon the same medium upon which the court or clerk keeps it, or upon any other medium the court or

clerk determines it can be reasonably duplicated as an integral part of its normal operations.

(3) A court or clerk of court shall mail, transmit, or deliver copies of a requested court record to the requestor within a reasonable time from the request, provided the court or clerk may adopt a policy allowing it to limit the number of court records it will mail, transmit, or deliver per month, unless the requestor certifies in writing that the requestor does not intend to use or forward the records, or the information contained in them, for commercial purposes. For purposes of this division, "commercial" shall be narrowly construed and does not include news reporting, the gathering of information to assist citizens in the understanding of court activities, or nonprofit educational research.

(4) A court or clerk of court may charge its actual costs incurred in responding to a request for direct access to a court record. The court or clerk may require a deposit of the estimated actual costs.

{¶16} Pursuant to the Rules of Superintendence, therefore, appellant may request the records but he must pay the clerk's actual costs of preparing them.

{¶17} Appellant also argues, though, that he is entitled to the records pursuant to the Public Records Act, R.C. 149.43. The pertinent portion of that Act, section (B)(8), provides:

A public office or person responsible for public records is not required to permit a person who is incarcerated pursuant to a criminal conviction or a juvenile adjudication to inspect or to obtain a copy of any public record concerning a criminal investigation or prosecution or concerning what would be a criminal investigation or prosecution if the subject of the investigation or prosecution were an adult, unless the request to inspect or to obtain a copy of the record is for the purpose of acquiring information that is subject to release as a public record under this section and the judge who imposed the sentence or made the adjudication with respect to the person, or the judge's successor in office, finds that the information sought in the public record is necessary to support what appears to be a justiciable claim of the person.

{¶18} Appellant has failed to present any justiciable claims for which the requested records would provide support. Moreover, the Ohio Supreme Court has already reviewed appellant's claims and determined that the request for records was properly denied. *McCain v. Huffman*, supra, 2017-Ohio-9241 at ¶ 12. Finally, any purported claim related to the underlying criminal case has been raised and rejected in appellant's series of appeals listed supra.

{¶19} We conclude appellant's request for records dated February 27, 2017 was properly overruled.

{¶20} Appellant's sole assignment of error is denied.

**CONCLUSION**

{¶21} Appellant's sole assignment of error is overruled and the judgment of the Montgomery County Court of Common Pleas is affirmed.

By: Delaney, J.,

Wise, John, P.J. and

Baldwin, J., concur.

HON. PATRICIA A. DELANEY

HON. JOHN W. WISE

HON. CRAIG R. BALDWIN