[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Adkins v. Cantrell*, Slip Opinion No. 2023-Ohio-1323.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2023-OHIO-1323

THE STATE EX REL. ADKINS *v*. CANTRELL, CLERK.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Adkins v. Cantrell*, Slip Opinion No. 2023-Ohio-1323.]

*Mandamus—Public-records requests—Records custodian lacked duty to provide records related to inmate's criminal proceedings because inmate failed to provide evidence that sentencing judge in either of criminal cases of which inmate requested records has made findings required by R.C. 149.43(B)(8)—Inmate's request for public information did not ask for a public document—Records custodian failed to respond to inmate's request for internal municipal-court guidelines or policies—Writ granted in part and denied in part and statutory damages awarded.*

(No. 2022-0617—Submitted February 7, 2023—Decided April 26, 2023.)

IN MANDAMUS.

_____

**Per Curiam.**

{¶ 1} Relator, Patrick H. Adkins III, seeks a writ of mandamus compelling respondent, Charma M. Cantrell, clerk of the Circleville Municipal Court, to comply fully with a public-records request he sent her under the Public Records Act, R.C. 149.43(B). Adkins also seeks statutory damages under R.C. 149.43(C). We grant a writ of mandamus ordering Cantrell to provide the documents, if any, responsive to Adkins's October 2021 request for certain internal guidelines or policies of the municipal court or its clerk's office and we award $1,000 in statutory damages for Cantrell's failure to respond to that request. We deny the writ in all other respects.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Adkins's Public-Records Requests

{¶ 2} Adkins is incarcerated at the London Correctional Institution. In March 2020, he mailed a public-records request to Pickaway County Clerk of Courts James W. Dean asking for documents and information relating to his 1998 conviction for driving under the influence ("DUI") and his 2007 conviction for disorderly conduct.[1] Dean responded to Adkins in writing about two weeks later, stating: "There are _NO_ cases in *Common Pleas Court* in Pickaway County with this name. Our computer goes from 1988 - present. You might try Circleville Municipal Court." (Capitalization and emphasis sic.)

{¶ 3} In June 2020, Adkins sent a public-records request to the Circleville Municipal Court addressed to "Judge G. Dumm." Adkins repeated the request he had sent to Dean, seeking documents related to his DUI and disorderly-conduct convictions in Pickaway County. For each case, he asked for the following:

---

1. Adkins does not allege—and the record before us does not show—that he is currently serving a sentence for either of these convictions.

- a copy of the "electronically filed transcript on file with the court" in "CD or tape" form or the estimated cost for producing one;

- a copy of the transcript "in paper format" or the estimated cost to have it transcribed;

- the address, phone number, and name of "the court's authorized court reporter or transcriptionist";

- the case docket;

- the complaint "and any supporting affidavits";

- the "judgment entry and sentencing entry"; and

- "any signatures obtained that allegedly are [Adkins's]."

{¶ 4} Adkins did not receive a response to his June 2020 request. In August 2021, he sent another request, this time addressed to the Circleville Municipal Court. Adkins attached a copy of his June 2020 request and reiterated that he needed the requested records to assist in obtaining "relief from miscarriages of justice and manifest injustices" in the cases resulting in his 1998 and 2007 convictions for DUI and disorderly conduct. Cantrell responded to Adkins's request in September 2021. Cantrell's response stated that she was enclosing copies of the records that Adkins had requested, and it informed Adkins of the costs of an audio recording and a transcript of a hearing. Adkins acknowledges receipt of records from Cantrell but contends that she did not provide all the records he had requested.

{¶ 5} In October 2021, Adkins sent by certified mail another records request, this time addressed to Cantrell. In his letter, Adkins requested additional documents and information that he had not asked for in the August 2021 request, namely:

- any internal guidelines or policies from "1998 and 2007 (or closest to those dates)" regarding the "handling [of] complaints and warrants, including

establishing probable cause to arrest, determining probable cause to issue an arrest warrant (this may include an internal document used by the Circleville Municipal Court deputy clerks as a guide for swearing affidavits) and any internal guidelines for determining the amount of bail for a violation of [R.C.] 2917.11(B)(2) [disorderly conduct]";

- "anything on the record put forth by Trp. Harris" regarding case No. TRC 9801299 and the name of the "subsequent charging officer" listed illegibly on one of the records previously produced;

- the "BMV 2255 form" that was supposed to have been signed by Adkins and the arresting officer as well as "the total amount of days that [Adkins] spent in jail" in case No. TRC 9801299; and

- the complaint and any supporting statements or affidavits, the "Judgment/Sentencing Entry," the case docket, and "any signatures that are [his]" in case No. CRB 9800371A&B.

(Emphasis omitted.)

**{¶ 6}** Adkins contends that Cantrell provided some but not all of the records responsive to this public-records request. Among other things, Adkins says, Cantrell did not produce the internal guidelines or policies he had requested.

**{¶ 7}** In January 2022, Adkins sent by certified mail another public-records request to Cantrell. Adkins requested follow-up information concerning the documents Cantrell previously provided and sought additional records from his 2007 convictions in the municipal court. Cantrell did not respond to the January 2022 correspondence before Adkins filed the complaint in this action.

*B. Adkins Files Mandamus Action*

**{¶ 8}** Adkins commenced this action in this court on May 20, 2022, demanding a writ of mandamus ordering Cantrell to either produce all records responsive to his January 2022 records request under R.C. 149.43(B)(1) or explain

under R.C. 149.43(B)(3) why any such records would not be produced. He also seeks an award of statutory damages under R.C. 149.43(C).[2]

{¶ 9} On June 3, Cantrell sent Adkins a letter responding to his January 2022 request. She stated that the clerk's office did not have some of the information requested and that that information would have to be obtained from the Pickaway County Sheriff's Department. Cantrell's letter provided information responsive to the remaining requests, but she did not provide additional documents.

{¶ 10} Thereafter, Cantrell filed a motion to dismiss Adkins's petition, arguing that the action was moot because she had provided all the records in her possession that Adkins requested. We denied Cantrell's motion and granted an alternative writ, setting a schedule for the filing of briefs and the submission of evidence. 167 Ohio St.3d 1487, 2022-Ohio-2788, 193 N.E.3d 556. Adkins timely submitted evidence under the court-ordered schedule, but Cantrell did not. Twenty-nine days after the deadline for filing evidence, Cantrell purported to submit evidence in the form of unauthenticated exhibits attached to her merit brief.

## II. THE PARTIES' MOTIONS

{¶ 11} In addition to their merit briefs, the parties have filed various motions. Cantrell has moved to strike Adkins's merit brief and portions of his evidence. In turn, Adkins filed a motion "for orders to prevent miscarriage of justice," a motion for judicial notice of a decision of the United States Supreme Court and for other orders "in the interests of justice," and a motion "in accordance with notice and opportunity & access to the courts." (Emphasis omitted.) Within these motions, Adkins opposed Cantrell's motion to strike and moved to strike the evidence attached to Cantrell's merit brief. Cantrell did not respond to Adkins's motions.

---

2. Adkins also sought an award of court costs in his complaint. However, he filed an affidavit of indigence in lieu of filing fees and court costs under S.Ct.Prac.R. 3.06(A).

### A. *Cantrell's Motion to Strike*

{¶ 12} In her motion to strike Adkins's merit brief and portions of his evidence, Cantrell notes that Adkins's brief is partially handwritten and argues that it therefore does not comply with S.Ct.Prac.R. 3.09(B)(1)(e). Under that provision, "[t]he Clerk of the Supreme Court may accept a handwritten document for filing only in an emergency, provided the document is legible." We decline to strike Adkins's brief on this basis. Indeed, this court routinely accepts legible, handwritten filings from pro se litigants without an order declaring an emergency.

{¶ 13} Cantrell's motion also requests that we strike Adkins's exhibit Nos. 2(a) through 2(d), 6, 7, 8, 11, and 16 on the basis that he did not serve them on her. Under S.Ct.Prac.R. 3.11(E), this court may strike a document if service was not made as required by Rule 3.11(B).

{¶ 14} We deny Cantrell's motion to strike these exhibits, because she had access to them despite Adkins's failure to include them in his submitted evidence. Exhibit Nos. 2(a) through 2(d), 6, 7, and 8 are previous filings in this case (i.e., the petition and motions), which Adkins was incorporating by reference. Exhibit No. 11—a letter from Adkins to Cantrell dated September 23, 2021, in which Adkins follows up on a previous records request—was attached to Cantrell's merit brief, which actually cites the exhibit in support of her argument that she had responded fully to Adkins's records requests. And exhibit No. 16 is *Jones v. Elsea*, 4th Dist. Pickaway No. 02-CA-27, 2003-Ohio-4900, a decision of the Fourth District Court of Appeals that Adkins did not actually provide a copy of but is publicly available. Cantrell has not shown any prejudice resulting from Adkins's failure to serve her with any of these documents. *See* S.Ct.Prac.R. 3.11(E) (this court may deny a motion to strike if "the movant was not adversely affected" by the failure of service).

### B. *Adkins's Motion "for Orders to Prevent Miscarriage of Justice"*

**{¶ 15}** In his motion "for orders to prevent miscarriage of justice," Adkins asks us to accept an untimely filing of his and to strike untimely evidence submitted by Cantrell. We grant Adkins's motion in part.

**{¶ 16}** First, Adkins asks us to declare part of his merit brief to be timely filed. Adkins submitted his merit brief for filing by mailing it to the clerk of this court in four separate envelopes. Three of the four envelopes arrived at the clerk's office by the filing deadline. But the envelope containing pages 3 through 7 of Adkins's merit brief did not and was therefore rejected by the clerk. Adkins argues that pages 3 through 7 should be deemed timely filed because he mailed the envelope containing them at the same time as the other three envelopes and, according to him, there is no apparent reason why it did not arrive on time.

**{¶ 17}** We deny Adkins's request to deem pages 3 through 7 of his merit brief timely filed. Under S.Ct.Prac.R. 3.02(A)(2), "[o]nly documents that are timely received and in compliance with [the Rules of Practice] shall be filed by the Clerk." Thus, because pages 3 through 7 were not received by the filing deadline, the clerk properly refused to file them. *See* S.Ct.Prac.R. 3.02(B).

**{¶ 18}** Second, Adkins asks us to strike the evidence attached to Cantrell's merit brief because it was untimely submitted. Cantrell did not file her evidence by the deadline specified in our order granting an alternative writ; instead, she simply attached unauthenticated exhibits to her merit brief. We therefore grant Adkins's request to strike these untimely exhibits.

### C. *Adkins's Motion for Judicial Notice and to Modify Rules*

**{¶ 19}** Adkins's next motion asks this court to take judicial notice of *Boddie v. Connecticut*, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971), to "modify conflicting Rules of Practice" of this court, and to enter orders "in the interests of justice." Adkins complains that the court's scheduling order, which required him

to submit his reply brief within seven days of the filing of Cantrell's brief, violated his due-process rights.

{¶ 20} In *Boddie*, the United States Supreme Court held that the Due Process Clause of the Fourteenth Amendment to the United States Constitution prohibits a state from denying, solely because of an inability to pay filing fees, court access to individuals who seek judicial dissolution of their marriages. *Boddie* at 374. Adkins asks us to apply *Boddie* here because he was deprived of a meaningful opportunity to reply to Cantrell's merit brief. Though Adkins timely filed a reply brief in this case, he says he did so "blindly," without having first seen Cantrell's brief. (He states that he did not receive Cantrell's merit brief until after the reply-brief deadline had passed.) He therefore asks that we allow him to "supplement" his reply brief with additional arguments responsive to Cantrell's brief.

{¶ 21} If Adkins could not prepare a reply brief by this court's deadline, he could have filed a motion for extension of time instead of "blindly" filing a reply. *See* S.Ct.Prac.R. 3.03(B)(2)(b). Our order granting an alternative writ and setting the briefing schedule did not prohibit a party from seeking an extension of time. Adkins has not identified any due-process problem, and we therefore deny his motion.

### D. Adkins's "Motion in Accordance with Notice and Opportunity & Access to the Courts"

{¶ 22} Adkins's final "motion" is, in substance, the supplemental reply brief that Adkins sought to file under his earlier motion to modify this court's Rules of Practice. For the reasons stated above, Adkins is not entitled to submit additional briefing. Accordingly, we deny this motion and disregard his supplemental reply brief.

## III. ANALYSIS

{¶ 23} R.C. 149.43(B)(1) requires a public office to make public records available upon request within a reasonable time. If a public office denies a request,

8

in whole or in part, it must provide the requester with an explanation, including legal authority, for why the request was denied. R.C. 149.43(B)(3).

{¶ 24} Mandamus is an appropriate remedy to compel compliance with R.C. 149.43, Ohio's Public Records Act. *State ex rel. Physicians Commt. for Responsible Medicine v. Ohio State Univ. Bd. of Trustees*, 108 Ohio St.3d 288, 2006-Ohio-903, 843 N.E.2d 174, ¶ 6; R.C. 149.43(C)(1)(b). As the requester, Adkins bears the burden of production—that is, he must plead and prove facts showing that he requested a public record pursuant to R.C. 149.43(B)(1) and that the records custodian did not make the record available to him. *See Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 163 Ohio St.3d 337, 2020-Ohio-5371, 170 N.E.3d 768, ¶ 26. Adkins also bears the burden of persuasion—that is, he must establish entitlement to the writ by clear and convincing evidence. *Id.*

*A. Adkins's Request for Case Documents*

{¶ 25} Adkins contends that Cantrell has failed to provide him with numerous records related to his convictions for DUI and disorderly conduct in 1998 and 2007. Because Adkins is incarcerated, his request for these records is covered by R.C. 149.43(B)(8), which provides:

> A public office or person responsible for public records is not required to permit a person who is incarcerated pursuant to a criminal conviction * * * to inspect or to obtain a copy of any public record concerning a criminal investigation or prosecution * * * unless the request to inspect or to obtain a copy of the record is for the purpose of acquiring information that is subject to release as a public record under this section and the judge who imposed the sentence * * *, or the judge's successor in office, finds that the information sought in the public record is necessary to support what appears to be a justiciable claim of the person.

**{¶ 26}** Thus, Adkins was required to obtain a finding by the sentencing judge or that judge's successor that the records identified in his public-records request were necessary to support what appears to be a justiciable claim. Until obtaining that finding, he was not entitled to receive records related to his criminal cases. *See State ex rel. Fernbach v. Brush*, 133 Ohio St.3d 151, 2012-Ohio-4214, 976 N.E.2d 889, ¶ 2. Although Adkins alleges in his petition that he made an R.C. 149.43(B)(8) request and that it was granted, he provides no evidence that the sentencing judge in either of the criminal cases of which he requested records has made the requisite findings.

**{¶ 27}** "[T]here is no duty to provide public records requested by an inmate unless" the inmate has complied with R.C. 149.43(B)(8). *McCain v. Huffman*, 151 Ohio St.3d 611, 2017-Ohio-9241, 91 N.E.3d 749, ¶ 12. Accordingly, Cantrell had no duty to provide records related to Adkins's criminal proceedings. *See State ex rel. Ellis v. Cleveland Police Forensic Laboratory*, 167 Ohio St.3d 193, 2021-Ohio-4487, 190 N.E.3d 605, ¶ 15. While Cantrell does not cite R.C. 149.43(B)(8) as a basis for withholding documents from Adkins, that provision remains a basis for denying a writ of mandamus with respect to the documents related to Adkins's criminal cases. In a public-records mandamus case, the relator bears the burden of showing a clear legal right to access the requested records and a clear legal duty on the public office's part to afford that access. *State ex rel. Griffin v. Sehlmeyer*, 167 Ohio St.3d 566, 2022-Ohio-2189, 195 N.E.3d 130, ¶ 9. Because Adkins has not shown that he complied with R.C. 149.43(B)(8), he has failed to show by clear and convincing evidence his entitlement to relief.

**{¶ 28}** Accordingly, based on R.C. 149.43(B)(8), we deny the writ as to all outstanding records except for those discussed below.

*B. Adkins's Requests Not Subject to R.C. 149.43(B)(8)*

{¶ 29} Two categories of records Adkins identified in his October 2021 records request do not implicate R.C. 149.43(B)(8), because they do not relate to his criminal cases. We grant Adkins's requested relief as to one of these categories of records.

{¶ 30} Adkins asked for the address, phone number, and name of the municipal court's authorized court reporter or transcriptionist. Adkins argues that Cantrell has failed to provide this "public information," thereby violating her obligations under R.C. 149.43. Adkins, however, is not entitled to relief as to this request, because it does not ask for a public record and "[r]equests for information and requests that require the records custodian to create a new record by searching for selected information are improper requests under R.C. 149.43," *State ex rel. Morgan v. New Lexington*, 112 Ohio St.3d 33, 2006-Ohio-6365, 857 N.E.2d 1208, ¶ 30; *State ex rel. Griffin v. Sehlmeyer*, 166 Ohio St.3d 258, 2021-Ohio-3624, 185 N.E.3d 58, ¶ 5-6 (denying writ when request asked for "the names only" of five inmates).

{¶ 31} Adkins also requested copies of any internal guidelines or policies regarding the "handling [of] complaints and warrants, including establishing probable cause to arrest, determining probable cause to issue an arrest warrant, * * * and any internal guidelines for determining the amount of bail for a violation of [R.C.] 2917.11(B)(2) [disorderly conduct]." It is unclear whether Adkins is seeking internal guidelines or policies of the municipal court or of the municipal-court clerk's office. Adkins contends that Cantrell has not provided records responsive to this request or explained why they have not been provided. And the record before us corroborates Adkins's assertion: none of Cantrell's responses specifically addressed this request, and Cantrell does not address it in her merit brief.

**{¶ 32}** Because there is no evidence before us showing that Cantrell provided documents responsive to this request or otherwise responded to it, we issue a writ of mandamus ordering Cantrell to respond to Adkins's requests for these records and to disclose any responsive records in her office's possession that are subject to disclosure under the Public Records Act.

### C. Statutory Damages

**{¶ 33}** Adkins also seeks an award of statutory damages for Cantrell's failure to comply with her obligations under the Public Records Act. A person requesting public records, provided he has used a qualifying method of transmission, "shall be entitled to recover" an award of statutory damages "if a court determines that the public office or the person responsible for public records failed to comply with an obligation in accordance with" R.C. 149.43(B). R.C. 149.43(C)(2).

**{¶ 34}** Adkins is not entitled to statutory damages relating to his August 2021 records request, because he has not shown that he transmitted it by a method that qualifies him for recovery. *See State ex rel. McDougald v. Greene*, 161 Ohio St.3d 130, 2020-Ohio-3686, 161 N.E.3d 575, ¶ 14. Further, as noted above, Adkins is not entitled to any of the records identified in his August 2021 request, because he failed to comply with R.C. 149.43(B)(8).

**{¶ 35}** As for the October 2021 records request, Adkins is eligible for statutory damages because he transmitted it by certified mail. Statutory damages under R.C. 149.43(C)(2) "are mandatory whenever a public-records custodian fails to comply with her obligation[s]." *State ex rel. Ware v. Akron*, 164 Ohio St.3d 557, 2021-Ohio-624, 174 N.E.3d 724, ¶ 18. The amount of statutory damages is fixed at $100 for each business day the public office or official has failed to comply with a statutory obligation, beginning on the day the requester filed the mandamus action, up to a maximum of $1,000. R.C. 149.43(C)(2).

{¶ 36} The record does not support Cantrell's defense that she complied fully with Adkins's October 2021 records request. As stated above, Cantrell has not yet responded to Adkins's request for internal guidelines or policies regarding the handling of complaints and warrants and the setting of bail. Nor has Cantrell made any argument that statutory damages should be reduced under R.C. 149.43(C)(2)(a) and (b). And because more than ten business days have passed since Adkins filed this action, we award him the maximum $1,000 in statutory damages.

{¶ 37} Adkins also argues that he is entitled to statutory damages relating to his January 2022 records request because Cantrell did not provide all records responsive to it and did not provide an adequate explanation for partially denying that request, as required by R.C. 149.43(B)(3). Although Adkins served his January 2022 request by certified mail, he is not entitled to statutory damages. Because Adkins did not comply with R.C. 149.43(B)(8), Cantrell had no obligation to provide the requested documents. And his request for statutory damages based on Cantrell's failure to explain within a reasonable time her reasons for not producing records lacks merit. "Unlike R.C. 149.43(B)(1), which requires public records to be 'promptly prepared' and made available 'within a reasonable period of time' upon request, R.C. 149.43(B)(3) does not impose a timeliness requirement." *State ex rel. Ware v. Giavasis*, 160 Ohio St.3d 383, 2020-Ohio-3700, 157 N.E.3d 710, ¶ 12.

## IV. CONCLUSION

{¶ 38} For the foregoing reasons, we grant a writ of mandamus ordering Cantrell to respond to Adkins's request for internal guidelines or policies of the Circleville Municipal Court or its clerk's office in effect in 1998 and 2007 regarding the "handling [of] complaints and warrants, including establishing probable cause to arrest, determining probable cause to issue an arrest warrant" and the "determin[ation of] the amount of bail for a violation of" R.C. 2917.11(B)(2) and

to produce any documents in Cantrell's possession that are responsive to this request. We also award Adkins $1,000 in statutory damages under R.C. 149.43(C)(2). We deny the writ in all other respects. We grant in part Adkins's motion for "orders to prevent miscarriage of justice"—specifically to strike Cantrell's untimely submitted evidence—and otherwise deny the motion. And we deny Adkins's remaining motions and deny Cantrell's motion to strike.

Writ granted in part<br>and denied in part.

DEWINE, DONNELLY, STEWART, BRUNNER, and DETERS, JJ., concur.

KENNEDY, C.J., concurs in judgment only.

FISCHER, J., concurs in part and dissents in part and would not award statutory damages.

_____

Patrick H. Adkins III, pro se.

Gary D. Kenworthy, Circleville Law Director, and Tomi L. Dorris, Assistant Law Director, for respondent.

_____