[Cite as *State ex rel. Russell v. O'Shaughnessy*, 2023-Ohio-3949.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Mark R. Russell, | : | |
| Relator, | : | |
| v. | : | No. 23AP-34 |
| Ms. Maryellen O'Shaughnessy, Franklin County Clerk of Courts et al., | : | (REGULAR CALENDAR) |
| Respondents. | : | |
| | : | |

---

D E C I S I O N

Rendered on October 31, 2023

---

**On brief:** *Mark R. Russell*, pro se.

**On brief:** *G. Gary Tyack*, Prosecuting Attorney, and *Jennifer Warmolts*, for respondent.

---

IN MANDAMUS
ON OBJECTION TO THE MAGISTRATE'S DECISION

DORRIAN, J.

{¶ 1} Relator, Mark R. Russell, who is incarcerated at London Correctional Institution, commenced this original action in mandamus seeking a writ ordering respondent, Franklin County Clerk of Courts Administrative Office, to provide relator with records related to a criminal complaint filed against him on October 22, 2001.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate on January 27, 2023.

{¶ 3} Respondent moved to dismiss the complaint, asserting it failed to state a claim upon which relief could be granted because relator had no clear legal right to the relief sought, respondent had no clear legal duty to perform the requested act, and relator had an adequate remedy in the ordinary course of law.

**{¶ 4}** On May 17, 2023, the magistrate issued a decision, including findings of fact and conclusions of law, which is appended hereto. The magistrate determined relator had not complied with R.C. 149.43(B)(8), which imposes restrictions on an incarcerated person's ability to obtain certain public records:

> A public office or person responsible for public records is not required to permit a person who is incarcerated pursuant to a criminal conviction * * * to inspect or to obtain a copy of any public record concerning a criminal investigation or prosecution * * *, unless the request to inspect or to obtain a copy of the record is for the purpose of acquiring information that is subject to release as a public record under [R.C. 149.43] and the judge who imposed the sentence * * *, or the judge's successor in office, finds that the information sought in the public record is necessary to support what appears to be a justiciable claim of the person.

The magistrate concluded that R.C. 149.43 governed relator's records request, although relator did not cite the statute in the request. The magistrate further concluded that because relator is currently incarcerated and failed to comply with R.C. 149.43(B)(8) by obtaining a finding from the sentencing judge, he failed to demonstrate a legal right to the requested relief. Therefore, the magistrate recommends this court grant respondent's motion to dismiss relator's mandamus complaint.

**{¶ 5}** Relator has filed the following objection to the magistrate's decision:

> [T]he magistrate totally ignored [relator's] argument concerning the proper Local-Rule [relator] filed his document request pursuant to.

**{¶ 6}** In his response to respondent's motion to dismiss and in his objection, relator asserts his request for records was made pursuant to Loc.R. 7 of the Court of Common Pleas of Franklin County, General Division, rather than the Public Records Act. Relator claimed he was entitled to the requested records under Loc.R. 7.02, which provides for access to pleadings and other documents:

> In cases pending where the parties or their counsel deem it necessary to have copies of pleadings, the Clerk shall on request furnish copies, and the expenses of one copy for the opposing party shall be taxed in the bill of costs. Copies of all other papers, except bills of exceptions, belonging to the files of the Court, shall, on demand, be furnished by the Clerk to attorneys or parties interested upon payment of the usual fee.

{¶ 7}  By its own terms, Loc.R. 7.02 applies to cases *pending* in the Franklin County Court of Common Pleas.  The term "pending" is not defined in the Local Rules; therefore, consistent with the general rules of interpretation, we give the term its plain and ordinary meaning.  *See Thomas v. Logue*, 10th Dist. No. 21AP-385, 2022-Ohio-1603, ¶ 15, quoting *Rhodes v. New Philadelphia*, 129 Ohio St.3d 304, 2011-Ohio-3279, ¶ 17 ("Where 'a term is not defined in the statute, it should be accorded its plain and ordinary meaning.' ").  "In giving words their common, everyday meaning, it is common for a court to rely on dictionary definitions." *Id.*  Black's Law Dictionary defines "pending" as "[r]emaining undecided; awaiting decision." *Black's Law Dictionary* 1314 (10th Ed.2014).  This definition of pending is consistent with other uses of the term in the Local Rules.  *See, e.g.*, Loc.R. 25.04 ("If the entry does not dispose of all claims, counterclaims and/or cross-claims, it shall specify what claims remain pending."); Loc.R. 31.03(C)(3) ("If [Loc.R. 31.03(C)(1) and (2)] are not applicable, when a single defendant is indicted in a new case, and he or she already has a pending case with a judge of this court, the newly indicted case shall be assigned to the same judge assigned to the already-pending case.").

{¶ 8}  Relator sought records related to a criminal case filed against him on October 22, 2001.  That case was not pending in the common pleas court at the time of relator's records request in late 2022, because relator was convicted and sentenced on June 20, 2003.  *State v. Russell*, Franklin C.P. No. 01CR-6462 (June 20, 2003) (judgment entry).  This court affirmed the judgment of conviction and sentence on direct appeal on May 6, 2004.  *State v. Russell*, 10th Dist. No. 03AP-666, 2004-Ohio-2501.  Thus, because the case was not pending in the common pleas court, Loc.R. 7.02 did not require respondent to provide relator the records he sought.

{¶ 9}  The magistrate properly determined that relator's request was governed by the Public Records Act.[1]  *See State ex rel. Bey v. Byrd*, 160 Ohio St.3d 141, 2020-Ohio-2766, ¶ 11-13.  The records relator sought—an affidavit of probable cause or other documentation

---

[1] The Supreme Court of Ohio has declared that the threshold issue when a party seeks to obtain judicial records is whether the Public Records Act or the Rules of Superintendence govern the request. *State ex rel. Ware v. Kurt*, 169 Ohio St.3d 223, 2022-Ohio-1627, ¶ 10; *State ex rel. Parisi v. Dayton Bar Assn. Certified Grievance Commt.*, 159 Ohio St.3d 211, 2019-Ohio-5157, ¶ 19-20. The public access provisions of the Rules of Superintendence "apply only to case documents in cases commenced on or after July 1, 2009." *State ex rel. Bey v. Byrd*, 160 Ohio St.3d 141, 2020-Ohio-2766, ¶ 12. Because relator's request involved records related to a criminal complaint filed in 2001, the request was governed by the Public Records Act. *See id.* at ¶ 11 (holding that action to compel production of journal entries from a 1995 case was properly brought under the Public Records Act); *State ex rel. Striker v. Smith*, 129 Ohio St.3d 168, 2011-Ohio-2878, ¶ 21, fn. 2 (holding that Rules of Superintendence did not apply to request for records from a case commenced in 2006).

filed with a criminal complaint—clearly concerned a criminal prosecution; therefore, respondent had no duty to provide them to relator without a finding pursuant to R.C. 149.43(B)(8) by the sentencing judge or the sentencing judge's successor. *State ex rel. Ware v. Parikh*, ___ Ohio St.3d ___, 2023-Ohio-2536, ¶ 16 ("In the absence of the necessary finding by the sentencing judge, an inmate is not entitled to the requested records."). Because relator did not comply with R.C. 149.43(B)(8), he cannot establish a clear legal right to the relief requested and that respondent had a clear legal duty to provide it.[2] Therefore, relator is not entitled to extraordinary relief in mandamus. *See State ex rel. US Tubular Prods. v. Indus. Comm.*, 10th Dist. No. 18AP-795, 2020-Ohio-3427, ¶ 28.

{¶ 10} Upon review of the magistrate's decision, an independent review of the record, and due consideration of relator's objection, we find the magistrate has properly determined the pertinent facts and applied the appropriate law. We therefore overrule relator's objection to the magistrate's decision and adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein. Accordingly, respondent's motion to dismiss is granted, and relator's complaint for a writ of mandamus is dismissed.

*Objection overruled*;
*motion to dismiss granted*; *action dismissed*.

BEATTY BLUNT, P.J., and BOGGS, J., concur.

_____

[2] Relator also appears to assert an estoppel or waiver argument, claiming respondent has fulfilled other records requests in the past without raising the issue of non-compliance with R.C. 149.43(B)(8). The Supreme Court has rejected similar waiver arguments in public records cases. *See State ex rel. Dillery v. Icsman*, 92 Ohio St.3d 312, 316 (2001), quoting *State ex rel. WLWT-TV5 v. Leis*, 77 Ohio St.3d 357, 361 (1997) (" 'Absent evidence that respondents have already disclosed the investigatory records to the public and thereby waived application of certain exemptions, the exemptions are fully applicable.' "); *see also State ex rel. Plain Dealer Publishing Co. v. Cleveland*, 106 Ohio St.3d 70, 2005-Ohio-3807, ¶ 60 (rejecting waiver argument because there was no evidence that municipalities had disclosed requested photographs to public).

# APPENDIX

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Mark R. Russell, | : | |
| Relator, | : | |
| v. | : | No.  23AP-34 |
| [Maryellen O'Shaughnessy, Franklin County Clerk of Courts], | : | (REGULAR CALENDAR) |
| Respondent. | : | |
| | : | |

---

## M A G I S T R A T E ' S   D E C I S I O N

Rendered on May 17, 2023

---

*Mark R. Russell,* pro se.

*G. Gary Tyack,* Prosecuting Attorney, and *Jennifer Warmolts,* for respondent.

---

IN MANDAMUS
ON RESPONDENT'S MOTION TO DISMISS

{¶ 11} Relator, Mark R. Russell, has filed this original action seeking a writ of mandamus ordering respondent, Franklin County Clerk of Courts, Administrative Office, to provide him with a copy of the affidavit of probable cause and/or other documentation that may have been filed with/accompanied the sworn complaint filed on October 22, 2001, and if no affidavit of probable cause or any other documentation was filed with/accompanied the sworn complaint filed on October 22, 2001, to provide him with a written response stating that no such documents were filed. Respondent has filed a motion to dismiss pursuant to Civ.R. 12(B)(6). Relator has filed a response.

Findings of Fact:

{¶ 12} 1. Relator is a prisoner incarcerated at London Correctional Institution.

{¶ 13} 2. Respondent is a governmental agency that, among other things, accepts, processes, and manages court filings for various courts in Franklin County, Ohio.

{¶ 14} 3. In his petition for writ of mandamus, relator alleges that, on October 22, 2001, a sworn complaint was filed against him in the Franklin County Municipal Court ("municipal court"), and an arrest warrant was issued by the municipal court clerk of courts based upon that complaint.

{¶ 15} 4. In his petition, relator alleges that one week before Thanksgiving 2022, he sent a letter to the municipal court clerk of courts requesting a copy of the affidavit of probable cause and/or other documentation that may have been filed with/accompanied the sworn complaint filed on October 22, 2001, and if no affidavit of probable cause or any other documentation was filed with/accompanied the sworn complaint filed on October 22, 2001, that respondent provide him with a written response stating that no such documents were filed. Relator alleges that the municipal court clerk of courts did not respond.

{¶ 16} 5. In his petition, relator alleges that on December 13, 2022, he sent a notarized letter to respondent informing respondent that he had sent the prior letter to the municipal court and informed respondent of the request. Relator alleges that respondent did not respond.

{¶ 17} 6. On January 19, 2023, relator filed the present petition for writ of mandamus, in which he requested that this court order respondent to comply with his request for a copy of the affidavit of probable cause and/or other documentation that may have been filed with/accompanied the sworn complaint filed on October 22, 2001, and if no affidavit of probable cause or any other documentation was filed with/accompanied the sworn complaint filed on October 22, 2001, order respondent to provide him with a written response stating that no such documents were filed.

{¶ 18} 7. On February 15, 2023, respondent filed a motion to dismiss pursuant to Civ.R. 12(B)(6).

{¶ 19} 8. On February 24, 2023, relator filed a reply to respondent's motion to dismiss.

Conclusions of Law:

{¶ 20} In order for this court to issue a writ of mandamus, a relator must ordinarily show a clear legal right to the relief sought, a clear legal duty on the part of the respondent to provide such relief, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967). However, relators in public-records mandamus cases need not establish the lack of an adequate remedy in the ordinary course of law. *State ex rel. ACLU of Ohio v. Cuyahoga Cty. Bd. of Commrs.*, 128 Ohio St.3d 256, 2011-Ohio-625, ¶ 24, citing *State ex rel. Morgan v. New Lexington*, 112 Ohio St.3d 33, 2006-Ohio-6365, ¶ 41.

{¶ 21} A "public record" is a record "kept by any public office." R.C. 149.43(A)(1). R.C. 149.43(B)(1) provides that the public office must "promptly prepare" all records responsive to a public-records request within a "reasonable period of time." The phrase "reasonable period of time" is not defined in the statute, but the " ' "determination of what is 'reasonable' depends upon all the pertinent facts and circumstances." ' " *State ex rel. Stuart v. Greene*, 161 Ohio St.3d 11, 2020-Ohio-3685, ¶ 7, quoting *State ex rel. Kesterson v. Kent State Univ.*, 156 Ohio St.3d 13, 2018-Ohio-5108, ¶ 16, quoting *State ex rel. Cincinnati Enquirer v. Deters*, 148 Ohio St.3d 595, 2016-Ohio-8195, ¶ 23.

{¶ 22} When a public office withholds responsive records, it has the burden of showing that the records are statutorily exempted from disclosure. *State ex rel. Cincinnati Enquirer v. Jones-Kelley*, 118 Ohio St.3d 81, 2008-Ohio-1770, paragraph two of the syllabus. Denial of a public-records request is appropriate if the public record is fully exempt from mandatory disclosure, but if a public record is fully exempt from mandatory disclosure, the public-records custodian must provide the requester with an explanation, including legal authority, setting forth why the request was denied. R.C. 149.43(B)(3). Exceptions to disclosure are strictly construed against the public office withholding the records. *Id.*

{¶ 23} A party who believes that a request for a public record has been improperly denied may file a mandamus action in order to compel production of the record. R.C. 149.43(C)(1)(b). *See State ex rel. Physicians Commt. for Responsible Medicine v. Ohio State Univ. Bd. of Trustees*, 108 Ohio St.3d 288, 2006-Ohio-903, ¶ 6. The requester must establish by clear and convincing evidence a clear legal right to the records and a corresponding clear legal duty on the part of the respondent to provide them. *See State ex rel. Cincinnati Enquirer v. Sage*, 142 Ohio St.3d 392, 2015-Ohio-974, ¶ 10.

R.C. 149.43(C)(1) permits a party aggrieved by the failure of the public office to promptly prepare a public record to receive statutory damages under R.C. 149.43(C)(2) in the amount of $100 for each business day during which the public office failed to comply with the obligation under R.C. 149.43(B)(1), beginning with the day on which the requester files a mandamus action to recover statutory damages, up to a maximum of $1,000.

{¶ 24} R.C. 149.43(B)(8) provides:

> A public office or person responsible for public records is not required to permit a person who is incarcerated pursuant to a criminal conviction or a juvenile adjudication to inspect or to obtain a copy of any public record concerning a criminal investigation or prosecution or concerning what would be a criminal investigation or prosecution if the subject of the investigation or prosecution were an adult, unless the request to inspect or to obtain a copy of the record is for the purpose of acquiring information that is subject to release as a public record under this section and the judge who imposed the sentence or made the adjudication with respect to the person, or the judge's successor in office, finds that the information sought in the public record is necessary to support what appears to be a justiciable claim of the person.

R.C. 149.43(B)(8) "sets forth heightened requirements for inmates seeking public records, and requires an incarcerated criminal defendant to demonstrate that the information he is seeking * * * is necessary to support a justiciable claim or defense." (Citations omitted.) *State v. Gibson*, 2d Dist. No. 2006CA37, 2007-Ohio-7161, ¶ 13.

{¶ 25} In the present case, respondent argues in its motion to dismiss that relator's request was subject to R.C. 149.43(B)(8). Thus, respondent asserts, because relator failed to comply with the requirement in R.C. 149.43(B)(8) that he first obtain a court order compelling respondent to comply with the records request based on a justiciable claim, relator has failed to demonstrate he has a legal right to the requested mandamus relief.

{¶ 26} The magistrate finds respondent is entitled to dismissal of relator's petition. Although relator claims that his request for documents was not a public-records request controlled by R.C. 149.43(B)(8) because he did not specifically file his request pursuant to that statute, R.C. 149.43(B)(8) controls his request, nevertheless. *See State ex rel. Adkins v. Cantrell*, __ Ohio St.3d __, 2023-Ohio-1323, ¶ 25 (in a mandamus case filed against a clerk of courts requesting numerous records related to prior convictions, the court found that "[b]ecause [relator] is incarcerated, his request for these records is covered by R.C.

149.43(B)(8)[.]"); *State ex rel. Bey v. Byrd*, 167 Ohio St.3d 358, 2022-Ohio-476, ¶ 7 (finding that "[u]nder [R.C. 149.43(B)(8)], a person incarcerated for a criminal conviction must obtain the approval of the sentencing judge before he may obtain public records relating to a criminal investigation or prosecution); *State ex rel. Bozsik v. Medina Cty. Sheriff Office*, 9th Dist. No. 17CA0088-M, 2019-Ohio-3969, ¶ 12 (finding that the prisoner status of the person requesting public records implicates the requirements under R.C. 149.43(B)(8), and the Supreme Court of Ohio has described the standard in R.C. 149.43(B)(8) to apply broadly to "incarcerated criminal offender[s]," citing *State ex rel. Chatfield v. Flautt*, 131 Ohio St.3d 383, 2012-Ohio-1294, ¶ 1).

{¶ 27} When R.C. 149.43(B)(8) controls, " '[t]here is no duty to provide public records requested by an inmate unless' the inmate has complied with R.C. 149.43(B)(8)." *Adkins* at ¶ 27, quoting *McCain v. Huffman*, 151 Ohio St.3d 611, 2017-Ohio-9241, ¶ 12. Accordingly, when an inmate has not complied with R.C. 149.43(B)(8), a clerk of courts " 'ha[s] no duty to provide records related to [the inmate's] criminal proceedings.' " *Id.*, quoting *State ex rel. Ellis v. Cleveland Police Forensic Lab.*, 167 Ohio St.3d 193, 2021-Ohio-4487, ¶ 15. In the present case, because relator is an inmate and failed to comply with R.C. 149.43(B)(8) by failing to first obtain a court order compelling respondent to comply with the records request based on a justiciable claim, relator has failed to demonstrate he has a legal right to the requested mandamus relief.

{¶ 28} The magistrate further notes that, although the clerk of courts in *Adkins* failed to respond to one of the relator's requests before he filed his mandamus action five months later, and failed to fully respond to the request even after the mandamus action was filed, the court found that, because the inmate did not comply with R.C. 149.43(B)(8), the clerk of courts had no obligation to provide the requested documents, and his request for statutory damages based on the clerk's failure to explain within a reasonable time her reasons for not producing records lacked merit. *See Adkins* at ¶ 37. The court found that, "[u]nlike R.C. 149.43(B)(1), which requires public records to be 'promptly prepared' and made available 'within a reasonable period of time' upon request, R.C. 149.43(B)(3) does not impose a timeliness requirement." *Id.* quoting *State ex rel. Ware v. Giavasis*, 160 Ohio St.3d 383, 2020-Ohio-3700, ¶ 12. In the present case, respondent had not yet responded to relator's records request by the time he filed his mandamus petition a little over one month later. However, as explained in *Adkins*, because the duty to explain the reason for denying

the request imposed by R.C. 149.43(B)(3) does not contain a timeliness requirement, respondent's failure to explain the reason for its justified denial pursuant to R.C. 149.43(B)(8) before relator filed his mandamus action does not entitle relator to any statutory damages. For the foregoing reasons, respondent is entitled to dismissal of relator's petition for writ of mandamus based upon relator's failure to comply with R.C. 149.43(B)(8) prior to requesting public records from respondent.

{¶ 29} Accordingly, it is the magistrate's decision that the court should grant respondent's motion to dismiss relator's petition for writ of mandamus pursuant to Civ.R. 12(B)(6).

/S/ MAGISTRATE
THOMAS W. SCHOLL III

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b). A party may file written objections to the magistrate's decision within fourteen days of the filing of the decision.